**ORR, et ux v. ATTORNEY GENERAL.**
No. 68-125.
Circuit Court, Leon County.
February 10, 1969.

Lawrence J. Robinson of Cramer, Robinson, Ginsburgh & Ross, Sarasota, for plaintiff.

N. Sanders Sauls, Assistant Attorney General, for defendant.

GUYTE P. McCORD, Jr., Circuit Judge.

*Order denying motion to strike and to dismiss:* This cause came on for hearing upon the motion of defendant, Earl Faircloth, as attorney general of the state of Florida, to strike him as a party defendant from the complaint and to dismiss the complaint. Upon consideration of the motion and the arguments of counsel, the court now being advised in the premises finds as follows —

The complaint seeks a declaratory judgment pursuant to chapter 86, Florida Statutes. The sole issue raised is the constitutionality of chapter 67-2066, Laws of Florida. If said statute is valid, plaintiff, Ernest W. Orr, deputy supervisor of elections of Sarasota County, is unlawfully employed in that office by plaintiff, Mary J. Orr,

supervisor of elections of Sarasota County, and wife of Ernest W. Orr. Plaintiffs have brought this action to obtain a declaration of their respective rights, status and duties in connection with such continued employment.

The defendant attorney general contends that chapter 86, Florida Statutes, does not authorize, empower, or permit the designation of the attorney general of Florida as a party defendant in actions for a declaratory judgment and that under chapter 86 he is not a necessary or indispensable party when the constitutionality of a legislative act is questioned.

§86.091, Florida Statutes, provides as follows —

> *Parties* — When declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceedings . . . If the statute, charter, ordinance or franchise is alleged to be unconstitutional, the attorney general or the state attorney of the judicial circuit in which the action is pending shall be served with a copy of the complaint and be entitled to be heard.

It is noted that this statute does not by any stated terms preclude a plaintiff from making the attorney general *a party defendant* to the proceeding. It would appear that the determining factor in a particular case is whether or not the attorney general would be a proper party to the action. The statute *requires* that the attorney general or the state attorney be served with a copy of the complaint and be given the right to be heard. While in a given case some other person or officer may be the primary antagonist of a plaintiff who attacks the constitutionality of a statute, §86.091 recognizes that when the plaintiff alleges unconstitutionality the public then may have an interest in the proceeding and the attorney general or the state attorney (as the chief law enforcement officers of the state and the judicial circuit) must be made officially cognizant of the suit and given a right to be heard on behalf of the state.

In May v. Holley, 59 So.2d 636, the Supreme Court said —

> "Before any proceedings for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic

and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts."

All of the above elements appear to be present in this case. Because of the focus of defendant's motion we are concerned particularly with the above stated requirement —

"That there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law;"

The attorney general as the chief legal officer of the state either has or reasonably may have an actual, present, adverse and antagonistic interest on the question of the constitutionality of the statute. Under the situation presented in this case it does not appear that there is anyone who, from the standpoint of his official duties, would have more interest in or a greater duty to support the constitutionality of this legislative act than the state's chief legal officer. The question presented is one that should be settled in the public interest. If the law is valid, plaintiff, Ernest Orr, cannot continue in the public office he now holds, but if it is invalid, he has a right to remain. Plaintiffs and the public are entitled to have an answer to this question.

The Supreme Court in Ervin v. Collins, Fla., 85 So.2d 852, recognized the attorney general as the chief law officer of the state and held he was a proper party to prosecute an appeal of that case to the Supreme Court. There the attorney general had been made a party defendant to a declaratory judgment action which involved a construction of the Florida constitution on a question of great public interest — whether or not the governor could run for reelection. The attorney general apparently did not raise any objection to his being made a party defendant there as he has done here. When he appealed the ruling of the circuit court, the Supreme Court in its opinion had this to say regarding the attorney general taking the appeal —

"When the public interest is involved a more liberal rule governs who may appropriately bring an action of this kind and prosecute it to this court, if need be."

The public interest is also involved in the present case and an early adjudication should be made of the question presented. The court

considers the attorney general is a proper party defendant to represent the public interest.

In consideration thereof, it is ordered that the defendant's motion to strike and to dismiss is denied.