WIGGINTON, Chief Judge.
Defendants have appealed a final judgment rendered pursuant to the provisions of Chapter 86, Florida Statutes, F.S.A., which declares the right of plaintiff, Bay Finance Corporation of Panama City, a Florida corporation, to issue policies of credit life insurance without violating the provisions of Chapter 516, Florida Statutes, F.S.A., under which plaintiff is licensed to engage in the small loan business in Florida.
The undisputed facts reflected by the record in this case are as follows. Appel-lee Bay Finance Corporation of Panama City is duly licensed as a small loan business pursuant to the provisions of Chapter 516, Florida Statutes, F.S.A., and as such licensee is under the supervision of appellant Fred O. Dickinson, Jr., as Comptroller of the State of Florida. Appellee Harold L. Buck, a citizen and resident of Panama City, is duly licensed to issue credit life insurance under the provisions of Chapter 627, Part VIII, Florida Statutes, F.S.A., by appellant Broward Williams, State Treasurer and Insurance Commissioner. Buck is the chief executive officer and owns 99% of the capital stock of Bay Finance. Since 1959, Bay Finance (and others engaged in the small loan business) has generally sold credit life insurance upon the request and application for such insurance by borrowers, and has disbursed from the proceeds of the loan the premiums charged for the insurance.
Litigation has arisen in at least two of the judicial circuits of Florida resulting in *50 decisions which question the right of ap-pellees and others similarly situated to issue credit life insurance in connection with the conduct of their small loan businesses.
Appellants, in their official capacities in the regulation of small loan companies and insurance agents, have never challenged the right of persons similar to appellees to sell credit life insurance. The parties stipulated that this is a class action and relates to questions of common or general interest to licensees under Chapters 516 and 627, Florida Statutes, F.S.A., and that appellees follow the hereinafter described procedure in the issuance of credit life insurance to its borrowers:
(a) The prospective borrower files an application for a loan in a specific amount. These amounts are from $50.00 through $600.00.
(b) After a credit investigation and upon approval by appellee, the loan is granted. The procedures followed are, at this point, for appellee-lender to explain to the applicant-borrower the terms, requirements, permissible schedules of repayment, and costs attendant to the loan in question.
(c) The costs, aside from interest, are determined by the specific facts controlling each loan. A deduction from the loan in the appropriate amount to cover state documentary stamp tax is made. A further deduction for the appropriate filing fee, when such documents are filed, is made and the premium charged for credit life insurance is also deducted when the applicant-borrower determines to accept such credit life insurance. In each loan granted, the applicant-borrower may furnish his own insurance or may elect to have appellee Harold L. Buck secure such credit life insurance for him.
(d) After all details of cost, terms, due date, and deductions are discussed and agreed upon, a detailed disbursement voucher is prepared, copy to the borrower, and signed.
(e) The note and security agreement are then completed, reviewed, and signed.
(f) A copy of each of the instruments, together with the original copy of the insurance certificate, is then given to the borrower.
(g) A check is drawn for the appropriate net amount that the borrower is to receive, is endorsed by the borrower and is cashed by the lender if the borrower so requests.
On the basis of the pleadings and the stipulation of facts agreed to by the parties and delineated above, the trial court rendered its declaratory judgment finding and determining:
“(1) that this decree is limited to the facts as shown in the stipulation and agreement entered into between the parties, which includes among other things the facts that credit life insurance is the only type of insurance here involved; the borrower is advised that he may purchase insurance from any authorized insurance company or agent and is not coerced in any manner to purchase from the plaintiff; and the life insurance is made payable to the creditor as its interest may appear with relationship to the loan involved.
“(2) The Court further finds that from 1957 to 1959 the provisions of Section 646.08, Florida Statutes [F.S.A.] prohibited the issuance of credit life or disability insurance by licensees under Chapter 516, Florida Statutes, [F.S.A.], but when the Insurance Code was adopted in 1959 the provisions contained in Section 646.08, Florida Statutes [F.S.A.], were eliminated and this elimination evidenced a clear legislative intent that licensees under the provision of Chapter 516, Florida Statutes, were authorized subsequent to the effective date of the 1959 amendment to the statutes to issue credit life insurance so long as said is-surance conforms to the limitations above referred to and as outlined in the stipulation and agreement entered into by the parties.”
*51 Appellants challenge the right of appellees to a judicial declaration of their rights under Chapter 86, Florida Statutes, F.S.A. They contend that the complaint fails to allege facts sufficient to establish the existence of a bona fide dispute between the parties with reference to a present justiciable question, but merely seeks legal advice to which they are not entitled in a proceeding of this nature. On the basis of the pleadings and stipulation of facts contained in the record before us, we cannot agree with the position assumed by appellants, and their contention must be rejected.
The statute providing for the licensing and regulation of small loan companies specifies in Section 516.14, Florida Statutes, F.S.A., the maximum interest rate which may be charged by licensees operating pursuant to the Act, and contains the following prohibition, to wit:
“ * * * In addition to the interest herein provided for, no further or other charges or amount whatsoever for any examination, service, brokerage, commission or other thing or otherwise shall be directly or indirectly charged, contracted for or received, except the documentary excise tax and lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording or releasing in any public office, any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter, or actual and reasonable attorney fees as determined by the court in which suit is filed and court costs, including actual and reasonable expenses of repossession, storing and selling of any property pledged as security, as determined by the court in which suit is filed. * * * ”
Section 516.20, Florida Statutes, F.S.A., of the Small Loan Act, defines that which shall be deemed to be interest or consideration for the purpose of regulation and specifically provides that:
“ * * * commissions received as a person licensed by the insurance commission of Florida on insurance written as hereinafter permitted, shall be deemed to be interest or consideration for the purposes of regulation under this chapter. * * *
From the foregoing quoted sections of the statute it is clear that a licensee under the Small Loan Act is prohibited from making any charge to a borrower of an amount in excess of the maximum interest rate specified in the Act, except those charges for services that are specifically permitted. One of the permissible charges in addition to the maximum interest rate is commissions paid on insurance policies written in connection with the loan transaction but only in those instances and under circumstances as may be permitted by law.
Prior to the legislative session of 1959, the statute providing for the licensing and regulation of persons engaged in the credit life insurance business provided in Section 646.08, Florida Statutes, F.S.A., thereof:
"Licensed agent. — All policies to which this section is applicable shall be issued through a licensed agent. The premium or cost of such insurance, when written by or through any lender or other creditor, its affiliate or associate or subsidiary or a director, officer or employee of any of them shall not be deemed as interest or charges or consideration or an amount in excess of permitted charges in connection with the loan or credit transaction and any gain or advantage to any lender or other creditor, its affiliate, associate or subsidiary or a director, officer or employee of any of them, arising out of the premium or commission or dividend from the sale or provision of such insurance shall not be deemed a violation of any other law general or special, civil or criminal of the state; provided, however, nothing herein contained shall alter or modify the provisions of chapters 516 and 519 nor broaden the charges for loans made pursuant thereto, and nothing in this section shall be deemed to author *52 ize any charge or premium in addition to the charges now permitted by said acts." (Emphasis supplied.)
From the foregoing statute it appears that although the Legislature provided for the issuance and sale of creidt life insurance policies by lending institutions, and specified that the premiums charged therefor shall not be deemed as interest or charges or consideration or an amount in excess of permitted interest charges made in connection with the loan, it specifically excluded from its provisions small loan companies operating pursuant to Chapter 516, Florida Statutes, F.S.A.
The foregoing statute was amended by the adoption of the Insurance Code in 1959, and the above emphasized provision of the former statute which excluded from its provisions small loan companies was eliminated. The statute as amended is as follows:
“Premium not deemed loan or finance charge. — The premium or cost of credit life or disability insurance, when written by or through any lender or other creditor, its affiliate or associate or subsidiary or a director, officer or employee of any of them shall not be deemed as interest or charges or consideration or an amount in excess of permitted charges in connection with the loan or credit transaction and any gain or advantage to any lender or other creditor, its affiliate, associate or subsidiary or a director, officer or employee of any of them, arising out of the premium or commission or dividend from the sale or provision of such insurance shall not be deemed a violation of any other law general or special, civil or criminal of this state, or of any rule, regulation or order issued by an regulatory authority.” [1]
It seems abundantly clear that by amending the existing statute, the 1959 Legislature intended to include small loan companies in the category of lending institutions permitted to sell and charge premiums for credit life insurance issued to borrowers in connection with loan transactions, and to provide that the commissions paid by the borrowers shall not be deemed to be interest or unauthorized consideration for the purpose of regulation under the statute.
Despite the 1959 amendment to the statute relating to licensing and regulation of the credit life insurance business, at least two circuit courts of this state have rendered final judgments holding that small loan companies are not authorized to sell credit life insurance in connection with loans made by them, and have held such loans to be usurious and subject to the penalties provided by law. Until the question as to the right of appellees, and others similarly situated, to sell credit life insurance in connection with loan transactions made by them is judicially resolved, appel-lees incur the risk of having their license to conduct a small loan business revoked for operating in violation of the questioned prohibitions contained in the statute, and having its loans declared usurious for selling and collecting commissions on credit life insurance issued as security for its loans. Such risk is present even though appellants, in their official capacities, have not heretofore attempted to restrain appellees from selling credit life insurance in connection with their small loan business, nor have they threatened to revoke their license either as a small loan company or credit life insurance company because of such business practice. This is precisely the kind of justiciable issue which may be adjudicated by resort to the declaratory judgment act, Chapter 86, Florida Statutes F.S.A.[2]
We have concluded and so hold that the trial court did not commit error in entertaining this action and rendering its declaratory judgment on the issues raised by the pleadings and stipulation of facts agreed upon by the parties, and the construction placed by it upon the pertinent statutes controlling the disposition of the *53 case was reasonable and proper in all respects. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.

. § 627.0708, Florida Statutes, F.S.A.

. May v. Holley (Fla.1952) 59 So.2d 636.