NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GOLFROCK, LLC, a Florida limited )
liability company, )
                                 )
        Appellant, )
                                 )
v. ) Case No. 2D15-2105
                                 )
LEE COUNTY, FLORIDA, a political )
subdivision of the State of Florida, )
                                 )
        Appellee. )
_____ )

Opinion filed July 7, 2017.

Appeal from the Circuit Court for Lee
County; Alane Laboda, Judge.

Gregory S. Rix and S. William Moore of
Moore Bowman & Rix, P.A., Tampa, for
Appellant.

Jay J. Bartlett and Jeffrey L. Hinds of
Smolker, Bartlett, Loeb, Hinds &
Sheppard, P.A., Tampa, and Richard
Wm. Wesch, County Attorney, Fort
Myers, for Appellee.

Mark Miller and Christina M. Martin,
Palm Beach Gardens, for Amicus
Curiae Pacific Legal Foundation.


KELLY, Judge.

Appellant, GolfRock, LLC, submitted an application to Appellee, Lee County, seeking to change the zoning of a parcel of land. Complete details of what transpired in the application process are not pertinent to our disposition of this appeal. It suffices to say that Lee County amended its comprehensive plan and asked GolfRock to withdraw its application. GolfRock did not withdraw the application; however, Lee County has deemed it withdrawn so no rezoning application is presently pending.

After being asked to withdraw its application for rezoning, GolfRock filed an action for declaratory judgment against Lee County. The complaint alleged that "[i]n order to assert its private property rights under Article X, Section 6(a) of the Florida Constitution . . . or under the statutory protection of Section 70.001, Florida Statutes . . . the 'Bert J. Harris, Jr., Private Property Rights Protection Act,' GolfRock is required to 'ripen' its claim. . . ." GolfRock asked the trial court to "enter a Declaratory Judgment finding that any continuation of the current zoning request is futile as a matter of law and that any claims for remedy for the injury to GolfRock's private property rights under the constitution or laws of Florida are ripe for adjudication."

Initially, Lee County moved to dismiss the complaint on several grounds. Among them, Lee County argued that the complaint failed to state a claim for declaratory relief. The trial court denied the motion and the case proceeded. Eventually, the parties filed cross-motions for summary judgment on the issue of ripeness. GolfRock's motion asked the trial court to find that "under the futility exception to the ripeness doctrine, any claim by GolfRock for a regulatory partial taking is now ripe for adjudication." Lee County argued that regardless of which type of takings claim GolfRock might eventually pursue, its claims were not ripe and the futility exception to

the ripeness doctrine did not apply. The trial court agreed that GolfRock had not established its claim was ripe nor had it established "the applicability of the futility exception[]." It entered summary judgment in favor of Lee County.

In this appeal GolfRock challenges that determination. We need not reach the merits of that issue, however, because we conclude GolfRock's complaint did not state a cause of action for declaratory relief. As a result, the trial court lacked jurisdiction and it should have dismissed the complaint.

To state a claim for declaratory relief, the party seeking the declaration must show that he is in doubt as to the existence or nonexistence of some right, status, immunity, power, or privilege and that he is entitled to have such doubt removed. May v. Holley, 59 So. 2d 636, 638-39 (Fla. 1952); see § 86.011, Fla. Stat. (2013). GolfRock's complaint does not allege GolfRock is in doubt as to the existence or nonexistence of any immunity, power, privilege, status, or right. The only mention of rights anywhere in the complaint is GolfRock's assertion that it has private property rights, the existence of which is unquestioned.

GolfRock's complaint explains that to pursue a takings claim for any injury to its property rights occasioned by how Lee County handled its zoning application, it must have a final denial of the application. It alleges it would be "prohibitively expensive" to pursue the application further, however, and that its denial is a "fait accompli." It points to the fact Lee County's comprehensive plan, as amended while GolfRock's application was pending, no longer permits the planned use of its property. Accordingly, it asks the court to declare that "any continuation of the current zoning request is futile as a matter of law."

The concepts of ripeness and futility are pertinent to a takings claim challenging the application of land use regulations. See Palazzolo v. Rhode Island, 533 U.S. 606, 620-21 (2001); Lost Tree Vill. Corp. v. City of Vero Beach, 838 So. 2d 561, 569-71 (Fla. 4th DCA 2002). "[A] takings claim challenging the application of land-use regulations is not ripe unless 'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.' " Palazzolo, 533 U.S. at 618 (quoting Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985)). "[A] landowner may not establish a taking before a land-use authority has the opportunity, using its own reasonable procedures, to decide and explain the reach of a challenged regulation." Id. at 620; see also Lost Tree, 838 So. 2d at 573 ("In order to succeed in stating an as-applied takings claim, Lost Tree must show that it obtained a final decision on the permitted use of the land . . . ."). The Supreme Court has explained the necessity of having a final decision:

> A final decision by the responsible state agency informs the constitutional determination whether a regulation has deprived a landowner of "all economically beneficial use" of the property, or defeated the reasonable investment-backed expectations of the landowner to the extent that a taking has occurred. These matters cannot be resolved in definitive terms until a court knows "the extent of permitted development" on the land in question.

Palazzolo, 533 U.S. at 618 (citations omitted) (quoting MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 351 (1986)). The "final decision requirement 'responds to the high degree of discretion characteristically possessed by land-use boards in softening the strictures of the general regulations they administer.' " Id. at 620 (quoting Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 738 (1997)).

- 4 -

The Supreme Court has carved out a limited exception for cases where further attempts to obtain approval of an application would be futile. Id. at 620; see Lost Tree, 838 So. 2d at 573. As explained in Palazzolo,

> [w]hile a landowner must give a land-use authority an opportunity to exercise its discretion, once it becomes clear that the agency lacks the discretion to permit any development, or the permissible uses of the property are known to a reasonable degree of certainty, a takings claim is likely to have ripened.

533 U.S. at 620.

GolfRock's complaint asks the trial court to declare that any further pursuit of its application is futile. Viewed in the context of the case law on takings and ripeness, GolfRock is asking the trial court to determine the existence of an element of its potential as-applied regulatory takings claim. GolfRock has utterly failed to explain how this is an appropriate claim for declaratory relief. The complaint does not allege, even in a perfunctory fashion, that GolfRock is in doubt regarding the existence of a right, power, privilege, or immunity as required to invoke the trial court's jurisdiction to render a declaratory judgment. Nor has GolfRock argued its complaint can somehow be construed to satisfy that requirement. GolfRock does not claim it is in doubt regarding the existence of its property rights, nor does it say it is in doubt regarding the effect of the amended comprehensive plan on the land use it had proposed in its now withdrawn rezoning application. While the declaratory judgment act is intentionally broad, it does have limits—one of which is that courts will not render advisory opinions or give legal advice. See May, 59 So. 2d at 639. Because GolfRock has not met its burden to demonstrate how its complaint is sufficient to meet the jurisdictional requirements of the

- 5 -

declaratory judgment act, we reverse the final summary judgment and remand with directions to the trial court to dismiss the action.

Reversed and remanded.

LaROSE, C.J., and BADALAMENTI, JJ., Concur.