59 So.2d 636 (1952)
MAY
v.
HOLLEY et al.
Supreme Court of Florida, Special Division B.
June 17, 1952.
Rehearing Denied July 16, 1952.
*637 J.U. Gillespie, New Smyrna, for appellant.
Hull, Landis, Graham & French and J. Compton French, DeLand, for appellees.
TAYLOR, Associate Justice.
Plaintiff below, appellant here, filed his second amended complaint seeking a declaratory judgment, based on the following facts:
In 1938 defendants owned two adjoining lots in the City of New Smyrna Beach and sold one of them to the City of New Smyrna Beach. In 1941 the City conveyed this property to T.W. Bush who sold it to plaintiff in 1947. Plaintiff caused a survey to be made and discovered that a building previously thought to be on the lot retained by defendants actually extended some four feet seven inches onto the lot which defendants had sold. Apparently this fact was not known by defendants or any person in plaintiff's chain of title until 1947 when the survey was made. Defendants have been in possession of the building since the sale of the lot and collected and enjoyed the rents and profits of the building. Plaintiff's lot, except for the encroachment, is vacant and unimproved.
The prayer of the complaint is for a judgment determining plaintiff's title to and right to demolish the building to the extent of the encroachment and an accounting for rents.
A motion to dismiss the complaint on various grounds was filed. This motion raises the question of the propriety of the remedy, asserts that the complaint shows laches and also asserts that the present complaint is a departure from the prior complaint.
The motion to dismiss was granted "with prejudice." On petition for rehearing plaintiff asked for a modification of the order of dismissal by elimination of the words "with prejudice." This petition was denied and plaintiff has appealed.
The decree of the lower court left counsel and this court entirely in the dark as to the grounds upon which the bill was dismissed. This should be avoided whenever possible. When a bill is attacked upon several grounds some of which go to the real merits of the controversy and some to jurisdictional or procedural questions, the parties have a right to know the reasons which motivated the action of the courts.
As used in the order being reviewed the words "with prejudice" might mean that the court determined that the plaintiff had no enforceable rights with respect to the building in question, as appellee construes it, or they might merely constitute an adjudication that plaintiff had not presented a case coming within the statute authorizing declaratory relief.
It is clear that, if the allegations of the bill are true, plaintiff's predecessor in title had a cause of action against defendants immediately after the delivery of defendants' deed to the City of New Smyrna Beach. Even at that time the nature of the right and the appropriate remedy are none too clear and are somewhat dependent upon the position taken by defendants. Ordinarily a simple possessory action is sufficient to enable a vendee to recover possession *638 from the vendor. But when, as here, it is quite apparent that a mistake exists in that a deed conveys a part of a building that was not thought by either party to be on the land conveyed, a different situation is presented. The mistake is of such a nature that the possibility of rescission is immediately suggested. But a purchaser has no right to rescind because he has obtained more than he bargained for. When the vendor takes no action is the purchaser to be required to resort to a possessory action solely to force the vendor to institute the suit that will almost inevitably follow? At common law he probably would. Plaintiff contends that this is just the kind of situation that the declaratory judgment act was designed to relieve.
The facts before us disclose other complications. Plaintiff is the remote grantee of defendants' original vendee. A vendor's possession after conveyance is ordinarily subservient to the title conveyed. 2 C.J.S., Adverse Possession, § 95, p. 652, 2 Am.Jur. 818, Adverse Possession, § 47. This possession is now adverse to plaintiff. At what time it became adverse to plaintiff's claim of title we cannot say.
That is important in determining the rights of the parties. See Sarasota-Fruitville Drainage Dist. v. All Lands, etc., 157 Fla. 207, 25 So.2d 498.
If defendants' intention was to claim only to the true boundary of the land retained by them they may have acquired no rights by adverse possession. Kilgore v. Leary, 131 Fla. 715, 180 So. 35.
Had plaintiff resorted to ejectment he would have been confronted with a serious question as to parties plaintiff. If the possession became adverse during the time the City of New Smyrna Beach owned the lot now owned by plaintiff the statute has run and plaintiff has no title. If defendants' possession became adverse during the ownership of the lot by Bush (plaintiff immediate grantor) the suit should be by Bush for the use of plaintiff. But if the possession became adverse since plaintiff acquired his deed the suit should be in the name of plaintiff. We do not know and we cannot say that plaintiff knows what the defendants will contend or the evidence develop as to these matters. Certainly there was no admission by the complaint sufficient to show the running of the statute of limitations against plaintiff. Equity follows the law and, unless unusual circumstances showing an estoppel or waiver are disclosed, will not hold possession of less than seven years to ripen into title to real estate. There is no departure from previous pleadings to justify dismissal of the complaint on that ground.
The Chancellor was therefore in error in dismissing the bill unless it did not present a case coming within the statute authorizing declaratory relief which provides:
87.01 Scope: Jurisdiction of Circuit Court
"The circuit courts of the State of Florida are hereby invested with authority and original jurisdiction and shall have the power upon a filed bill of complaint, declaration, petition or other appropriate pleadings to declare rights, status and other equitable or legal relations whether or not further relief is or could be claimed or prayed. No action or procedure shall be open to objection on the ground that a declaratory decree, judgment or order is prayed for. The circuit court's declaration may be either affirmative or negative in form and effect and such circuit court declaration shall have the force and effect of a final decree, judgment or order. The circuit courts may render declaratory decrees, judgments or orders as to the existence, or nonexistence:
"(1) Of any immunity, power, privilege or right; or
"(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future. Any person seeking a declaratory decree, judgment or order may, in addition to praying for a circuit court declaration, also pray for additional, alternative, coercive, *639 subsequent or supplemental relief in the same action." Laws 1943, c. 21820, Sec. 1.
87.02 Power to Construe, etc.
"Any person claiming to be interested or who may be in doubt as to his rights under a deed, will, contract or other article, memorandum or instrument in writing or whose rights, status or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder." Laws 1943, c. 21820, Sec. 2.
It will be observed that the statute is phrased in very broad language. It authorizes a declaration of rights upon a bill of complaint (implying a chancery case) a declaration (implying an action at law) or a petition or other appropriate pleading. The last two expressions imply that an action for declaration of rights may be made in a special statutory pleading without the pleader having to determine whether legal or equitable principles should apply, or, perhaps in instances where both might be involved.
The statute authorizes a declaration of "any immunity, power, privilege or right" or "any fact upon which the existence or nonexistence of such immunity, power, privilege or right does or may depend." The statute also provides that the declaration may be either affirmative or negative. It is difficult to find broader words or express a broader scope of jurisdiction. Unless we are to deny the power of the Legislature to enact the statute we must give full force to its language, subject only to the constitutional limitations upon the functions of the judicial department of government.
Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.
With these requirements met there is almost no limit to the number and type of cases that may be heard under this statute. Of course, the court should never lose sight of the right to jury trials in those cases not strictly equitable in nature.
It will also be noted that the statute provides that the Circuit Courts "may" render declaratory decrees. Thus the entertainment of the proceeding and the granting or withholding of relief becomes a matter for the exercise of a sound judicial discretion in each case. Abuses under the statute may be avoided by the dismissal of those cases which do not come clearly within the limitation upon the judicial power above stated.
The fact that the declaration must be against the interest of the complaining party, and equity may require that costs be charged against him does not destroy the right to the declaration. If the standards stated above are met the plaintiff is entitled to have the existence or nonexistence of his rights adjudicated.
The case as stated in the complaint before us meets every requirement of the statute and the limitations upon the judicial *640 powers which we have enumerated and the complaint should not have been dismissed with prejudice.
Reversed.
SEBRING, C.J., and CHAPMAN and MATHEWS, JJ., concur.