PER CURIAM.
The defendant, Dade County, appeals the denial of its motion to dismiss plaintiffs’ complaint for a declaratory judgment. The point presented is as follows: “Whether property owners are entitled to a declaration of their rights based upon alleged anticipated legislative actions which may or may not take place.” We hold that the point presented does not apply to the complaint filed, and we affirm.
The inquiry must be whether or not the complaint presented a prima facie case of an actual doubt as to the effect of, and plaintiffs’ rights under, actions already taken by the County. Cf. May v. Holley, Fla.1952, 59 So.2d 636; McLaughlin v. Metropolitan Dade County, Fla.App.1966, 191 So.2d 615.
The complaint alleges that the appellees are the owners and record titleholders of a, tract of land located immediately west of the Miami International Airport. In reliance upon the present Dade County zoning laws and pursuant to the approved master plan of development, the appellees have expended substantial sums of money and financial obligations in order to develop the above-mentioned tract of land as a modern industrial park and office building complex. The Aviation Department of Dade County (that operates the county-owned airport) has made a report entitled “Miami International Airport Compatibility Study.” The report calls for an expansion and modification of the airport facilities. In furtherance of this plan, an airport runway would be extended an additional 4,000 feet to the west, i. e., in the direction of the ap-pellees’ property. This proposed reduced distance between the appellees’ property and the contemplated extension to the runway would substantially reduce the allowable height of all structures permitted on the property under the present zoning laws. The Dade* Board of County Commissioners has adopted a “resolution” approving the compatibility study, which authorizes implementation of the provisions of the report. Based on the above, appel-lees are seeking a declaration of their property rights as affected by the resolution of the Board of County Commissioners.
Fla.Stat. § 86.011, on “Jurisdiction of circuit court,” provides: “The circuit courts have jurisdiction to declare rights, status and other equitable or legal relations whether or not further relief is or could be claimed.” Fla.Stat. § 86.021, on “Power to construe, etc.,” provides: “Any person claiming to be interested or who may be in doubt about his rights under a deed, will, . . . [etc.] ... or whose rights, status or other equitable or legal relations are affected by a statute, or *76 any regulation made under statutory authority, . or by municipal ordinance, contract, deed, . . . [etc.] . . . may have determined any question of construction or validity .arising [thereunder] Fla.Stat. § 86.051, on “Enumeration not exclusive,” states: “The enumeration in sections 86.021, 86.031 and 86.041, Florida Statutes, does not limit or restrict the exercise of the general powers conferred in section 86.011, Florida Statutes, in any action where declaratory relief is sought.” Fla.Stat. § 86.101, on “Construction of law,” states: “This chapter is declared to be substantive and remedial. Its purpose is to settle and to ¿fiord relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations and is to be liberally administered and construed.”
The County urges that the allegations of the complaint relates exclusively to matters which had not yet taken place and which were not presently ascertained or ascertainable in that they are allegations of threatened future actions by the Board of County Commissioners which might or might not occur, or which might occur in a manner quite different from that anticipated by plaintiffs. See Charlotte County v. Venture Out in America, Inc., Fla.App. 1971, 243 So.2d 249.
We read the complaint as setting forth a present controversy. See Perry v. Genung, Fla.App.1964, 163 So.2d 54. The plaintiffs have a right to have determined the present status of their property as regards the legal effect of the actions already taken by the County. Cf. Hernandez v. Board of Commissioners of Hillsborough County, Fla. 1934, 153 So. 790. The factual allegations of the complaint must be taken as true upon the motion to dismiss. See United Homes, Inc. v. Moss, Fla.App.1963, 154 So.2d 351. The complaint alleges present plans for development of the affected lands. It also alleges a justifiable doubt as to plaintiffs’ legal rights under actions already taken by the County. See Sheldon v. Powell, Fla.1930, 128 So. 258.
The trial court did not err in refusing to dismiss the complaint.
Affirmed.