DRIVER, Associate Judge.
Appellants appeal an Order dismissing their Complaint for Declaratory Judgment.
Appellants, Donaldsons and Shamrock Engineering, Inc., were plaintiffs in the trial court. The City of Titusville, Florida, was defendant. The Complaint is in six Counts. It alleges that plaintiffs are the owners of a tract of land in Titusville and pursuant to that city’s zoning code applied to the City for approval of a “planned unit development” use of their land.
*801 The Complaint details protracted negotiations between plaintiffs and the city. It is averred in the Complaint that from the outset City encouraged plaintiffs to pursue the requested development. Relying upon the encouragement of the City, plaintiffs filed applications and it is claimed did all things necessary to obtain favorable consideration, including expending in excess of $40,000.00 for architectural and engineering fees and other studies. Eventually, after agreeing to various changes, plaintiffs’ plans were approved by the City Zoning Board which recommended its approval to the City Council.
Plaintiffs allege that when the matter came before the City Council, the Council forthwith arbitrarily denied the change of zoning necessary to the planned unit development.
Plaintiffs then filed an action for Declaratory Judgment. The trial judge, on motion of defendant, dismissed the Complaint on the theory that the City Council in denying plaintiffs’ application was acting in a legislative capacity and therefore its action was not subject to judicial review. Plaintiffs elected not to plead further. This appeal followed.
This opinion concerns itself only with the correctness of the Order dismissing the Complaint.
Jurisdiction of circuit courts to hear, consider, and declare the rights, status, equitable or legal relations of litigants is conferred by Chapter 86, Florida Statutes, Section 86.021, which provides:
“Any person claiming to be interested or who may be in doubt about his rights under a deed, will, ... or whose rights, status or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance may have determined any question of construction or validity arising (thereunder) . .
Section 86.101 further provides:
“This chapter is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed.”
The courts of this State have consistently upheld Declaratory Judgment actions as a means to seek clarification or adjudication of rights of property owners under municipal ordinances and to obtain relief from the action of zoning authorities. Safer v. Jacksonville, Fla.App., 212 So.2d 785; Dade County v. Benenson, Fla.App., 326 So.2d 74; City Of Naples v. Central Plaza Of Naples, Inc., Fla.App.1974, 303 So.2d 423; Rural New Town, Inc. v. Palm Beach County, Fla.App., 315 So.2d 478; Hall v. Korth, Fla.App.1971, 244 So.2d 766. These authorities make no distinction between legislative and quasijudicial functioris.
A motion to dismiss accepts as true all factual allegations of a Complaint. United Homes, Inc. v. Moss, Fla.App., 154 So.2d 351. If a Complaint contains any merit, it is to be liberally construed in favor of the pleader when subjected to a motion to dismiss. Kickliter v. National Union Fire Insurance, Fla.App., 188 So.2d 872; Fontainebleau Hotel Corp. v. Walters, Fla., 246 So.2d 563.
Taken as a whole, Counts I, II, III, IV, and VI of the Complaint allege a right of plaintiffs to develop their land and a justifiable doubt as to their rights under the zoning ordinances of the City, and a further doubt of their rights as affected by the action of the City Council in construing the zoning code. The Complaint alleges a present controversy which plaintiffs are entitled to have resolved as to Counts I, II, III, IV, and VI. Dade County v. Benenson, supra; Sheldon v. Powell, (1930) 99 Fla. 782, 128 So. 258.
The Order dismissing Count V was correct. Count V claims a denial of equal protection of the law under both the State and Federal Constitutions. The only factual allegation in support of this Count is that subsequent to denying plaintiffs’ application the City Council granted a similar application to another developer. The zoning *802 authorities of the City of Titusville are granted considerable discretion in approving or disapproving zoning changes. Mere allegation that another developer’s plan was approved while plaintiffs’ was denied is insufficient to plead a denial of equal protection. McQUILLAN on Municipal Corporation, Sections 19.13 and 25.123. The Order of Dismissal was correct as to Count V, and being correct the reason becomes immaterial.
The Order appealed dismissing Counts I, II, III, IV, and VI of the Complaint is quashed and the cause remanded for further proceedings.
That portion of the Order dismissing Count V is affirmed.
CROSS, Acting C. J., and ANSTEAD, J., concur.