777 So.2d 1177 (2001)
John PALUMBO, Appellant,
v.
Jon A. MOORE, Sr. and Jon A. Moore, Jr., et al., Appellees.
No. 5D00-871.
District Court of Appeal of Florida, Fifth District.
February 16, 2001.
John Palumbo, Orlando, pro se.
No appearance for Appellees.
ORFINGER, R.B., J.
Appellant, John Palumbo (Palumbo), appeals a final order dismissing with prejudice his amended cross-claim and third-party complaint against Appellees, Jon A. Moore, Sr. (Moore, Sr.) and Jon A. Moore, Jr. (Moore, Jr.), respectively. We reverse.
*1178 Palumbo and the Moores were shareholders in JMJ Building Company (JMJ). JMJ obtained financing from United Southern Bank (USB), and Palumbo personally guaranteed the loans. When JMJ defaulted on its obligations, USB brought suit seeking, among other things, to hold Palumbo liable on the personal guarantees he executed.
Palumbo responded by filing an amended cross-claim against Moore, Sr. and a third-party complaint against Moore, Jr. seeking declaratory relief and damages. In his action for declaratory relief, Palumbo sought to determine if, based on a "Memo of Agreement" between Palumbo and the Moores dated August 12, 1997,[1] the Moores would be obligated to contribute to or indemnify Palumbo for the USB judgment. Palumbo's second claim was for damages based on his assertion that he was fraudulently induced by the Moores into executing the October, 1997 guarantee to USB. The Moores filed a motion to dismiss which was subsequently granted with prejudice by the trial court.
Generally, the standard of review of an order dismissing a complaint with prejudice is de novo. Abruzzo v. Haller, 603 So.2d 1338, 1339 (Fla. 1st DCA 1992). However, when dismissing a count in a complaint seeking declaratory judgment, the trial court's ruling is accorded great deference. Travelers Ins. Co. v. Emery, 579 So.2d 798, 800 (Fla. 1st DCA 1991). Therefore, as to the dismissal of the declaratory relief claim, the standard of review is whether the trial court abused its discretion. Abruzzo, 603 So.2d at 1339. A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts. Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 383 (Fla. 4th DCA 1999).
To be entitled to declaratory relief, a party must show he is in doubt as to some right or status and that he is entitled to have such doubt removed. § 86.021, Fla. Stat. (2000); Kelner v. Woody, 399 So.2d 35, 37 (Fla. 3d DCA 1981). The standard for testing the sufficiency of a declaratory judgment complaint is found in May v. Holley, 59 So.2d 636, 639 (Fla.1952):
Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is bona fide, actual, present practical need for declaration; that the declaration should deal with present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of complaining party is dependent on fact or law applicable to facts; that there is some person or persons who have, or reasonably may have actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded form curiosity.
See also 19 Fla. Jur.2d Declaratory Judgments § 9 (2000).
*1179 Declaratory judgments are not unusual in contract cases. See CNA Int'l Reinsurance Co., Ltd. v. Phoenix, 678 So.2d 378 (Fla. 1st DCA 1996); Miami Dolphins, Ltd. v. Genden & Bach, P.A., 545 So.2d 294 (Fla. 3d DCA 1989). In the instant case, it appears that (1) USB obtained a judgment against Palumbo based on his personal guarantee, and (2) the August 12, 1997 Memo of Agreement arguably creates joint liability for Palumbo's personal guarantees given for JMJ's benefit. Based on the foregoing, we find the trial court abused its discretion in dismissing the amended cross-claim and third-party claim with prejudice as each adequately states a cause of action for declaratory relief.
We likewise find that the trial court erred in dismissing Palumbo's claim for damages based on fraud in the inducement. To state a cause of action for fraud in the inducement, a plaintiff must allege (1) a misrepresentation of a material fact; (2) that maker of the misrepresentation knew or should have known of the statement's falsities; (3) intent by the maker of the statement that the representation induce another to rely and act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation. Lou Bachrodt Chevrolet, Inc. v. Savage, 570 So.2d 306, 308 (Fla. 4th DCA 1990); Spitz v. Prudential-Bache Sec., Inc., 549 So.2d 777, 778 (Fla. 4th DCA 1989). We find the claim for fraud in the inducement contains the necessary allegations and thus conclude that the court erred in dismissing it with prejudice.
For the foregoing reasons, we reverse the order of dismissal and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
SHARP, W. and PALMER, JJ., concur.
NOTES
[1] The August 12, 1997 Memo of Agreement, signed by John Palumbo, Jonny A. Moore, Sr. and Jonny A. Moore, Jr., states in relevant part:

THIS WILL SERVE TO CONFIRM in writing what has been the agreement on a continuing basis between JOHN PALUMBO, JONNY A. MOORE, SR., and JONNY A. MOORE, JR., that all of the personal obligations and guarantees given by John Palumbo in the operations of JMJ Building Co. and the related activities, such as, but not limited to, material suppliers, the buying selling and mortaring of the various ongoing activities, are the joint and equal obligations of all three, except the financing of 4039 Griffin View, Lady Lake, which shall be the sole obligation of Jonny A. Moore, Sr.
The parties hereto have read the above and agree to pay their respective obligations when called upon to do so by any of the other parties, or unrelated parties in interest affected by these transactions.