PER CURIAM.
This is an appeal from a final judgment in what can be described as a typical marriage dissolution case involving parties of modest means. The record does not contain a transcript because no court reporter was present at the final hearing that led to the judgment on appeal, and the appellant has not supplied this court with a stipulated statement as provided for in Florida Rule of Appellate Procedure 9.200(a)(4). Nonetheless, she has asked us to reverse the trial court for errors that cannot be established in the absence of a transcript of testimony or a stipulated statement.
Specifically, the appellant asks us to reverse the trial court’s finding that she was entitled to lump sum alimony to compensate her for what the trial court found was her equitable interest in the appellee’s interest in a home owned by the appellee’s father. In support of this argument, the appellant states that this issue was not “framed by the pleadings, noticed for hearing, or litigated by the parties.” (Emphasis supplied.) Even if the issue of her interest in property owned by the appel-lee’s father was not raised in the appellant’s petition, without a transcript, we have no way to determine whether it was presented to the trial court at the final hearing, and if so whether the appellant objected.
The appellant also contends that the trial court erred in failing to award her a claimed child support arrearage in the final judgment. Without a transcript, however, she cannot refute the appellee’s contention that the issue was never presented to the trial court at the final hearing.
Finally, the appellant contends that the trial court erred in determining the amount of the parties’ marital debt. In support of this contention she argues that the final judgment is contrary to the court’s “oral pronouncement” at the final hearing and to the appellant’s financial affidavit. Again, without a transcript it is not possible to determine whether there is any merit to the appellant’s contention that the final judgment is contrary to the trial court’s “oral pronouncement.” Nor can we determine whether the trial court’s finding regarding the amount of the parties’ debt is erroneous by simply comparing the final judgment to the appellant’s financial affidavit because the trial court did not rely solely on the appellant’s affidavit to determine the amount of debt.
It is an elementary principle of appellate review that an appellate court must presume that a trial court’s decision is correct unless the appellant provides the appellate court with a record that is sufficient to evaluate the appellant’s contentions of error. See, e.g., Kirchinger v. Kirchinger, 546 So.2d 86 (Fla. 2d DCA 1989); Beasley v. Beasley, 463 So.2d 1248 (Fla. 5th DCA 1985). Although the record contains the parties’ financial affidavits and pleadings, without a transcript or its equivalent, they are not sufficient for our review of the appellant’s contentions. Id. Accordingly, we affirm the final judgment.
Counsel for the appellant has prosecuted enough appeals before this court that he either knew or should have known that the record was inadequate and that this appeal had no chance of success. He was also put on notice of the deficiency through a mo *320 tion to dismiss the appeal filed by the appellee’s counsel. We denied the motion in an effort to give the appellant an opportunity to prepare a statement of evidence or to raise an issue that was capable of determination on the limited record presented. Besides failing to present this court with a record that is adequate to review the issues raised on appeal, throughout the course of this appeal counsel for the appellant has failed to comply with the appellate rules, has failed to act diligently, and has made factual representations that are questionable in light of the record before this court. Accordingly, we conclude that we are obligated to direct the clerk to provide a copy of this opinion to the Florida Bar. See 5-H Corp. v. Padovano, 708 So.2d 244 (Fla.1997). We further order, pursuant to Florida Rule of Appellate Procedure 9.410, that counsel for the appellant show cause within ten days why he should not be subject to sanctions by this court for filing a frivolous appeal.
Affirmed.
SALCINES, DAVIS, and KELLY, JJ„ concur.