934 So.2d 620 (2006)
SOUTH RIVERWALK INVESTMENTS, LLC, a Florida limited liability company, and Lonnie N. Jackson Marital Trust, UAD 10/13/89, Appellants,
v.
CITY OF FORT LAUDERDALE, a municipal corporation of the State of Florida, Appellee.
No. 4D03-2781.
District Court of Appeal of Florida, Fourth District.
July 26, 2006.
*621 Richard G. Coker, Jr., of Coker & Feiner, Fort Lauderdale, for appellants.
Hal B. Anderson and Clark J. Cochran, Jr., of Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A., Fort Lauderdale, for appellee.
HAZOURI, J.
The plaintiffs, South Riverwalk Investments, LLC, and Lonnie N. Jackson Marital Trust, appeal the dismissal with prejudice of their complaint for declaratory judgment. We reverse.
South Riverwalk was the contract vendee for the purchase of the South Riverwalk Property and the developer of a proposed mixed use development consisting of 501 residential dwelling units and 4,700 square feet of retail commercial use. Jackson Marital Trust was the owner of the parcel of land in the City of Fort Lauderdale which was the subject of the South Riverwalk application for development approval. In February 2000, South Riverwalk filed an application for site plan approval with the City of Fort Lauderdale for the South Riverwalk Project. The property is in an area designated by the City in its comprehensive plan as a Regional Activity Center (RAC). Under the designation of RAC, a total of 5,100 dwelling units were permitted and were to be allocated by the City on a first come, first served basis at the time of site plan approval. After several months of review by the City of the South Riverwalk Project site plan, it became apparent that the number of available dwelling units in the RAC was insufficient to allocate to all of the pending developments going through the site plan review process.
South Riverwalk continued through the City's site plan review process addressing all of the issues that were raised by the City staff. By the end of October 2001, South Riverwalk had obtained the site plan sign-offs from all required City departments except the Planning Department, the last department to sign off on a site plan. By the time the site plan was presented to the Planning department, all of the available dwelling units within the RAC had been allocated to other developments. Accordingly, the South Riverwalk Project site plan could not be approved until the City allocated additional dwelling units by amending its comprehensive plan. The City has since initiated the process to amend its comprehensive plan.
Under the City's rules, a site plan application remains pending while items requiring approval remain open. Through July 2002, the site plan for the South Riverwalk Project was listed by the City as a pending *622 site plan. As a pending site plan, the Project was ready to complete the processing for site plan approval once dwelling units became available. However, the City has now taken the position that South Riverwalk's site plan application is not pending and no longer exists as an active application. In order to determine the status of their site plan application, plaintiffs filed this action for declaratory relief.
Section 86.021, Florida Statutes (2003), provides that
Any person ... whose rights, status, or other equitable or legal relations are affected by ... municipal ordinance, contract, ... or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such ... municipal ordinance, contract, ... or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.
The applicable standard of review is provided in Palumbo v. Moore, 777 So.2d 1177 (Fla. 5th DCA 2001):
Generally, the standard of review of an order dismissing a complaint with prejudice is de novo. However, when dismissing a count in a complaint seeking declaratory judgment, the trial court's ruling is accorded great deference. Therefore, as to the dismissal of the declaratory relief claim, the standard of review is whether the trial court abused its discretion. A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts.
Id. at 1178 (citations omitted). "The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all." Golf Club v. City of Plantation, 717 So.2d 166, 171 (Fla. 4th DCA 1998) (quoting Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla.1952)).
The complaint alleges that harm would result to the appellants if the site plan application is no longer pending. The common law standard for a trial court to entertain a declaratory relief action is stated in May v. Holley, 59 So.2d 636 (Fla. 1952). May explained that
it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
Id. at 639. We find that the facts, as alleged by the plaintiffs, satisfy the May standard and the trial court abused its discretion by dismissing the complaint with prejudice.
The key is whether there is a "bona fide, actual, present practical need for the declaration." Id. (Emphasis added). The City argues that the issue is not ripe for adjudication because the complaint *623 fails to allege that additional dwelling units had become available or would ever become available in the future. If no dwelling units become available, the site plan can never be approved in the designated RAC, whether the application is declared pending or terminated.
"Any declaratory judgment . . . may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened...." § 86.051, Fla.Stat. (2003). The fact that additional dwelling units have not yet been allocated is not dispositive of the motion to dismiss. A party is entitled to a declaration of rights where the ripening seeds of controversy make litigation in the immediate future appear unavoidable. See Platt v. Gen. Dev. Corp., 122 So.2d 48, 50 (Fla. 2d DCA 1960).
In Dade County v. Benenson, 326 So.2d 74, 75 (Fla. 3d DCA 1976), property owners expended substantial sums of money to develop a tract of land as a modern industrial park and office building complex, relying on the present Dade County zoning laws. The Aviation Department of Dade County proposed a runway extension at Miami International Airport in the direction of the plaintiffs' property. The proposed extension would reduce the distance between the runway and the property and would substantially reduce the allowable height of all structures permitted on the property. The Dade Board of County Commissioners then adopted a resolution which authorized implementation of the provisions of the Aviation Department's proposal. The plaintiffs sought a declaration of their property rights as affected by the County's resolution.
Dade County argued that the "allegations [were] of threatened future actions. . . which might or might not occur, or which might occur in a manner quite different from that anticipated by plaintiffs." Id. at 76. The court held that "[t]he plaintiffs have a right to have determined the present status of their property as regards the legal effect of the actions already taken by the County." Id. "The complaint alleges present plans for development of the affected lands. It also alleges a justifiable doubt as to plaintiffs' legal rights under actions already taken by the County." Id.
In the present case, South Riverwalk expended substantial time and money throughout the site plan application process, paying application fees and obtaining required sign-offs from several City departments. The benefit of this expended time and money would be lost upon termination of the site plan application. The complaint sufficiently alleges that the City has initiated the process of amending its comprehensive plan to allocate additional dwelling units. Plaintiffs have a right to have determined the present status of the site plan application in light of the City's current plans to amend its comprehensive plan.
Reversed and Remanded.
GUNTHER and MAY, JJ., concur.