17 So.3d 819 (2009)
N & D HOLDING, INC., a Florida corporation, Appellant,
v.
TOWN OF DAVIE, a Florida municipal corporation, Appellee.
No. 4D08-2809.
District Court of Appeal of Florida, Fourth District.
August 19, 2009.
Rehearing Denied October 1, 2009.
James C. Brady of Arnstein & Lehr LLP, Fort Lauderdale, for appellant.
Thomas P. Moss and John C. Rayson of Law Offices of John C. Rayson, Fort Lauderdale, for appellee.
SHAHOOD, GEORGE A., Senior Judge.
This is an appeal by N & D Holding, Inc., from a dismissal with prejudice of its complaint for declaratory judgment in favor of appellee the Town of Davie, Florida, involving a parcel of property located within the Town limits. We affirm the trial court's dismissal.
In 1984 and before, the Property involved was located wholly within the jurisdiction of the City of Hacienda Village. In 1984, the Florida Legislature passed Public Law, Chapter 84-420.
Pursuant to Section 2 of Chapter 84-420, the City of Hacienda Village was dissolved and ultimately all lands previously within its corporate limits were ceded to *820 the Town of Davie. Section 2 provides as follows:
The City of Hacienda Village is hereby dissolved. All assets and obligations of the former City of Hacienda Village are hereby transferred to the Town of Davie. All zoning within that portion of the Town of Davie that was formerly the City of Hacienda Village is preserved as it existed immediately prior to the effective date of this act.

(emphasis added).
In or before 1984, through the date of dissolution of the City of Hacienda Village and up to the time of the adoption of the Ordinances described below, the Property was zoned in both the M-3 and M-4 Zoning Districts of the City of Hacienda Village. The M-3 Zoning District was the same as the M-4 Zoning District of the former City of Hacienda Village, and all of the same uses were provided for therein.
In 2007, the Town proposed to adopt a Regional Activity Center (RAC) Zoning District and apply same to the Property involved. The City of Hacienda Village had no RAC zoning district or any regulations substantively comparable thereto.
On February 6, 2008, the Town adopted two Ordinances, 2008-3 and 2008-4, the first of which adopts the RAC Zoning District, and the second of which rezones certain land areas, including the Property, in conformance with the first.
In its amended complaint, N & D alleged that the application of the Ordinances to the Property substantially changes the uses permissible with respect to the development of the Property, and the same is not consistent with and does not preserve the zoning use regulations of the City of Hacienda Village and is, therefore, inconsistent with and in violation of Chapter 84-420.
N & D further alleged: it is interested in and in doubt about certain rights under Section 2 of Chapter 84-420 relative to the application and effect of the Ordinances on the Property; a controversy has arisen between N & D and the Town, with regard to rezoning of the Property from the M-4 and M-3 Zoning Districts of the City of Hacienda Village to a Regional Activity Center Zoning District in the Town; there exists a present and justiciable controversy with respect to the rights and status of the respective parties, based upon a present, ascertained or ascertainable state of facts, giving rise to a bona fide, actual, present, practical need for a declaration of the rights and status of the parties; the antagonistic interests of the parties are all before the court by proper process; and the relief sought is not merely giving legal advice by the court or the answer to questions propounded from curiosity.
The Town filed a motion to dismiss. After a hearing on the motion, the trial court entered an order granting the Town's motion to dismiss the amended complaint with prejudice finding "no case [or] controversy as a result of current zoning scheme as represented in open court."
The standard of review of a trial court's ruling dismissing a complaint for declaratory judgment is whether the trial court abused its discretion. S. Riverwalk Invs., LLC v. City of Ft. Lauderdale, 934 So.2d 620, 622 (Fla. 4th DCA 2006). "`A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts.'" Id. (quoting Palumbo v. Moore, 777 So.2d 1177, 1178 (Fla. 5th DCA 2001)). "The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration *821 of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all." Id. (citations omitted).
The common law standard for a trial court to entertain a declaratory relief action is stated in May v. Holley, 59 So.2d 636 (Fla.1952). May explained that
it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
Id. at 639. In this case, the facts, as alleged by N & D, do not appear to satisfy the May standard; hence, the trial court did not abuse its discretion by dismissing the complaint with prejudice.
N & D argues in its second assignment of error that the trial court erred when it considered matters outside the amended complaint in deciding the Town's motion to dismiss. N & D relies on the following language in the order of dismissal: "The Court finds no case [or] controversy as a result of current zoning scheme as represented in open court." N & D argues that this language reflects that the lower court relied on "representations concerning off-the-record activities."
However, the record contains no transcript of the hearing on the motion to dismiss, and, thus, we are without any evidence that the trial court considered outside allegations or evidence in the course of the proceedings. It is the appellant's duty to point out where in the record the alleged error can be substantiated. See, e.g., Harrison v. Harrison, 909 So.2d 318, 319 (Fla. 2d DCA 2004) (a lower court's ruling is presumed to be "correct unless the appellant provides the appellate court with a record that is sufficient to evaluate the appellant's contentions of error.").
Based on the foregoing, we affirm the trial court's order granting appellee's motion to dismiss with prejudice.
Affirmed.
HAZOURI, J., concurs.
WARNER, J., dissents with opinion.
WARNER, J., dissenting.
I dissent. The complaint stated a cause of action for declaratory judgment. "The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all." S. Riverwalk Invs., LLC v. City of Fort Lauderdale, 934 So.2d 620, 622 (Fla. 4th DCA 2006) (citation omitted).
The allegations of N & D show that it is entitled to a declaration of its rights to the zoning in question. It alleges that it is entitled to the prior zoning in the City of Hacienda based upon the legislative provision passed when the City was dissolved and incorporated into the Town. The Town has changed the zoning on N & D's property *822 by city ordinance. The Town alleged that there is no present controversy because in its new ordinance it had an exception which states:

Uses of land which were originally established within the M-3 (Hacienda Village) zoning district prior to February 6, 2008 shall not be in conflict with these RAC regulations (Sections 12-32.500 through 12-32.528) and may continue to operate and expand pursuant to the M-3 (Hacienda Village) zoning requirements until February 6, 2038. This paragraph is not intended to prohibit any landowner from voluntarily complying with the RAC regulations at any time.
(emphasis supplied). N & D claims that the Town maintains that the ordinance and not the legislative enactment applies to the property. If no use of the land has been originally established at this point in time, then there is a bona fide dispute as to whether the Town can apply the newly enacted zoning ordinances instead of the legislative enactment. It is not remote; it is a present controversy. N & D is entitled to have its rights declared.