WARNER, J.,
dissenting.
I dissent. The complaint stated a cause of action for declaratory judgment. “The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.” S. River-walk Invs., LLC v. City of Fort Lauderdale, 934 So.2d 620, 622 (Fla. 4th DCA 2006) (citation omitted).
The allegations of N & D show that it is entitled to a declaration of its rights to the zoning in question. It alleges that it is entitled to the prior zoning in the City of Hacienda based upon the legislative provision passed when the City was dissolved and incorporated into the Town. The Town has changed the zoning on N & D’s prop *822 erty by city ordinance. The Town alleged that there is no present controversy because in its new ordinance it had an exception which states:
Uses of land which were originally established within the M-3 (Hacienda Village) zoning district prior to February 6, 2008 shall not be in conflict with these RAC regulations (Sections 12-32.500 through 12-32.528) and may continue to operate and expand pursuant to the M-3 (Hacienda Village) zoning requirements until February 6, 2038. This paragraph is not intended to prohibit any landowner from voluntarily complying with the RAC regulations at any time.
(emphasis supplied). N & D claims that the Town maintains that the ordinance and not the legislative enactment applies to the property. If no use of the land has been originally established at this point in time, then there is a bona fide dispute as to whether the Town can apply the newly enacted zoning ordinances instead of the legislative enactment. It is not remote; it is a present controversy. N & D is entitled to have its rights declared.