NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| JEFFREY JENSEN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-5948 |
| | ) | |
| PINELLAS COUNTY, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed February 26, 2016.

Appeal from the Circuit Court for Pinellas
County; Bruce Boyer, Judge.

Jeffrey D. Jensen, pro se.

Nancy S. Meyer, Sr. Assistant County
Attorney, for Appellee.


ALTENBERND, Judge.

Jeffrey Jensen appeals a final declaratory judgment that broadly upholds

"Chapter 86, Article III, Division 3 of the Pinellas County Code of Ordinances" in the

context of multiple constitutional and statutory challenges.[1]  The ordinance at issue

---

[1]Chapter 86, article III, division 3, which is titled "Sale of Firearms," is set
forth in part II of the Pinellas County Code, which is available at the following address:
https://www.municode.com/library/fl/pinellas_county/codes/code_of_ordinances?nodeId
=PTIIPICOCO_CH86OFMIPR_ARTIIIOFINPUSA_DIV3SAFI (last visited Jan. 5, 2016).

regulates the sale of firearms in Pinellas County.  We reverse the order on appeal.  In so doing, however, we do not adopt Mr. Jensen's arguments.  The problem in this case is that Mr. Jensen pleaded his theory in the most abstract of terms.  The circuit court responded with an order that rejected all of Mr. Jensen's theories and gave the County a broad declaratory judgment that is not supported by the pleadings and evidence before the court.  Thus, we reverse and remand to the circuit court with instructions that it allow Mr. Jensen the opportunity to plead his case with greater specificity.  Once he has had that opportunity, the circuit court can determine what issues actually justify declaratory relief.

## I.  THE COMPLEX LEGAL BACKDROP TO THIS ACTION

To determine the extent of any authority that Pinellas County might have to regulate the sale, transfer, or delivery of firearms inside its territorial boundaries requires a careful consideration of a complex set of laws including provisions of the U.S. Constitution, the Florida Constitution, Florida Statutes as amended over the last thirty years, and the County's own ordinances.  In order to provide a legal backdrop for this case, in the following discussion we highlight some of the relevant laws.

Section 5(b) of article VIII of the Florida Constitution creates a "local option" that allows each county to require a criminal history records check and a three- to five-day waiting period in connection with the sale of any firearm occurring within the county.  In its entirety, this section states:

> (b) Each county shall have the authority to require a criminal history records check and a 3 to 5-day waiting period, excluding weekends and legal holidays, in

---

It appears to be the codification of Pinellas County Ordinance Number 99-6, sections 1-3, 4.1-.2, 5-7 (Jan. 26, 1999).

> connection with the sale of any firearm occurring within such
> county. For purposes of this subsection, the term "sale"
> means the transfer of money or other valuable consideration
> for any firearm when any part of the transaction is conducted
> on property to which the public has the right of access.
> Holders of a concealed weapons permit as prescribed by
> general law shall not be subject to the provisions of this
> subsection when purchasing a firearm.

Art. VIII, § 5(b), Fla. Const.

This constitutional provision was in effect in 1999 when Pinellas County adopted an ordinance that was codified at part II, chapter 86, article III, division 3, of the Pinellas County Code.[2] A copy of the ordinance, as codified, is appended to this opinion as "Appendix A." This moderately complex ordinance creates a three-day waiting period for the sale of a firearm. It also requires a background check for the sale, transfer, or receipt of a firearm when "any part of the sale transaction is conducted on property to which the public has a right of access." Pinellas County, Fla., Code, part II, §§ 86-88, 86-89 (1999). Section 86-86 of the Code sets forth several definitions, including a definition for "[f]irearm" that is quite similar to the definition contained in section 790.001(6), Florida Statutes (2014). Under section 86-86, the definition of property to which the public has a "right" of access includes "flea markets, gun shows and firearms exhibitions."

Prior to the adoption of this ordinance, the Florida Legislature created section 790.33 announcing a "preemption" of the "whole field" of regulation of firearms and ammunition "[e]xcept as expressly provided by general law," but with a limited

---

[2]See
https://www.municode.com/library/fl/pinellas_county/codes/code_of_ordinances?nodeId=PTIIPICOCO_CH86OFMIPR_ARTIIIOFINPUSA_DIV3SAFI (last visited Jan. 5, 2016).

exception to allow counties to adopt a "cooling-off-period ordinance" as further described therein. § 790.33(1)-(2), Fla. Stat. (1987). The first line of subsection 790.33(1) was amended in 2011 to begin: "Except as expressly provided by *the State Constitution or* general law." § 790.33(1), Fla. Stat. (2011) (emphasis added). At the same time, the limited exception that authorized cooling-off-period ordinances, which was set forth in subsection 790.33(2), was removed from section 790.33.

Article I, section 8 of the Florida Constitution provides: "The right of the people to keep and bear arms in defense of themselves and of the lawful authority of the state shall not be infringed, except that the manner of bearing arms may be regulated by law." Art. I, § 8(a), Fla. Const. It also mandates a three-day waiting period for the purchase and delivery "at retail of any handgun." Art. I, § 8(b), Fla. Const.

Of course, the Second Amendment to the U.S. Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." Amend. II, U.S. Const.

## II. THE ACTION FILED BY MR. JENSEN

Whether each and every provision of the Pinellas ordinance is (1) not preempted by the state statute, (2) constitutionally permissible under the Florida Constitution, and (3) constitutionally permissible under the U.S. Constitution is open to reasonable debate. Mr. Jensen, a licensed Florida attorney, decided to initiate this legal debate with a complaint for declaratory and injunctive relief. The final judgment in this case was entered on the third amended complaint.

Factually, with respect to Mr. Jensen, the third amended complaint alleges only that: (1) he is a resident of Pinellas County, (2) he does not possess a concealed

weapons permit, (3) he is a law-abiding citizen, (4) he has purchased firearms in Pinellas County in the past under circumstances where the ordinance applied, (5) he desires to purchase or sell additional firearms or component parts in the future in Pinellas County, and (6) he is a licensed professional whose state-issued license may be adversely affected if he were arrested or imprisoned.

The third amended complaint contains eight counts. Count I seeks a declaration that the ordinance is "null and void" in whole or part "as contrary to the Second Amendment" to the U.S. Constitution. This count does not ask the court to void the relevant waiting period mandated in article I, section 8(b) of the Florida Constitution. The pleading does not identify the "parts" of the ordinance that may be unconstitutional. The allegations are essentially a series of legal conclusions.

Count III similarly claims the ordinance is "null and void" in whole or part "as contrary to the Equal Protection Clause of the Fourteenth Amendment" to the U.S. Constitution. This count is somewhat more specific and suggests that the class of people who do not possess concealed weapons permits are being denied equal protection of the law.

Count V seeks a declaration that the ordinance is "null and void" in whole or part because it violates the statutory preemption in section 790.33. This count does challenge some of the definitions in the ordinance as locally-created regulations beyond those necessary to enact the constitutional local option. But it is still written in the broadest of allegations.

Count VII alleges that the ordinance violates Mr. Jensen's "inalienable rights" to possess property under article I, section 2 of the Florida Constitution. Count VIII alleges a violation of article I, section 8 of the Florida Constitution.[3]

In his complaint, Mr. Jensen has not alleged specific acts that he believes he should be entitled to perform. It is frankly difficult to determine whether he is arguing, under his several constitutional theories, that the ordinance is facially unconstitutional or merely unconstitutional as applied. His broad brush approach to the case makes a careful legal ruling difficult, if not impossible. Mr. Jensen does not, for example, allege that he wants to sell rifles in his front yard or that he wants to buy shotguns at a gun show where people must purchase tickets to attend.

Prior to ruling, the circuit court held a brief evidentiary hearing on the complaint. At the hearing, no one pinpointed specific issues or theories that required evidence. The hearing devolved into legal arguments as abstract as the pleadings. Following this hearing, the circuit court prepared the order that is the subject of this appeal. The order discusses each count with one to three pages of legal reasoning. In the end, it declares that the ordinance does not in any way under any circumstances violate the Second Amendment or the Equal Protection Clause of the U.S. Constitution, that it does not violate the Florida Constitution, and that it does not exceed the scope of section 790.33.[4]

---

[3]Counts II, IV, and VI each seek injunctive relief under the theory alleged in the preceding count and do not add any substantive theories to the case.

[4]The possible weakness within the abbreviated legal analysis in this order is demonstrated by its ruling, rejecting count VIII of the third amended complaint, in which the court declares that the ordinance "does not violate the Second Amendment to the *Florida Constitution*." (Emphasis added.)

### III. OUR REMAND

The circuit court may well have been within its discretion to decline to rule on the counts for declaratory relief given their abstract nature. See May v. Holley, 59 So. 2d 636, 639 (Fla. 1952); Grable v. Hillsborough Cty. Port Auth., 132 So. 2d 423, 425-26 (Fla. 2d DCA 1961); see also § 86.021, Fla. Stat. (2014). Likewise, it may have been authorized to declare that Mr. Jensen had not established a legal and factual basis for the court to hold the ordinance unconstitutional or otherwise invalid under section 790.33. But an order declaring the entire ordinance valid and constitutional under all of these challenges is not warranted by this record.

The developing law under the Second Amendment is a very complex legal field. See, e.g., Norman v. State, 159 So. 3d 205 (Fla. 4th DCA 2015); see also McDonald v. Chicago, 561 U.S. 742 (2010); District of Columbia v. Heller, 554 U.S. 570 (2008). Preemption is likewise a difficult topic. See, e.g., Fla. Carry, Inc. v. Univ. of N. Fla., 133 So. 3d 966 (Fla. 1st DCA 2013).

In this case, even interpreting the ordinance on its face is not easy. For example, is a gun show that is not open to the general public without a ticket or license a place where the public has the "right" of access? Can Pinellas County require a waiting period for the sale of a single-shot .22 caliber rifle? Can it require a background check for the transfer of "any destructive device"?

We conclude that the final declaratory judgment attempts to resolve legal issues beyond those that properly could be resolved in this case. We are concerned

that a decision affirming this judgment could be misinterpreted.[5]  Accordingly, we reverse and remand this judgment, but Mr. Jensen must narrow and sharpen his theories before the circuit court is obligated to provide any declaratory relief.

Reversed and remanded.

NORTHCUTT and LaROSE, JJ., Concur.

---

[5]We are aware that Mr. Jensen's wife filed a federal lawsuit that was stayed pending the adjudication of certain unsettled questions of law in state court.  See Jensen v. Pinellas Cty. Bd. of Cty. Comm'rs, No. 8:13-cv-0023-T-27AEP (M.D. Fla. June 28, 2013) (order staying case).

DIVISION 3. - SALE OF FIREARMS

Sec. 86-85. - Intent and purpose.

It is the intent of this ordinance to implement in the county the constitutionally granted authority to ensure that no firearm is sold, offered for sale, transferred or delivered where any part of the transaction is conducted on property to which the public has a right of access unless there is a three full day waiting period and a national criminal history background check of the potential purchaser is conducted. This ordinance applies to both seller and purchasers of firearms.

(Ord. No. 99-6, § 1, 1-26-99)

Sec. 86-86. - Definitions.

For purposes of this section, the following terms shall be defined as:

Any part of the transaction means any part of the sales transaction, including but not limited to, the offer of sale, negotiations, the agreement to sell, the transfer of consideration, or the transfer or delivery of the firearm.

Firearm means any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. Such term does not include an antique firearm.

Property to which the public has the right of access means any real or personal property to which the public has a right of access, including property owned by either public or private individuals, firms and entities and expressly includes, but is not limited to, flea markets, gun shows and firearms exhibitions.

Sale means the transfer of money or other valuable consideration.

(Ord. No. 99-6, § 2, 1-26-99)

Sec. 86-87. - Application and enforcement of section.

Law enforcement officers shall enforce the provisions of this section against any person found violating these provisions within their jurisdiction.

(Ord. No. 99-6, § 3, 1-26-99)

Sec. 86-88. - Mandatory three-day waiting period.

There shall be a mandatory three-day waiting period, which shall be three full days, excluding weekends and legal holidays, in connection with the sale of firearms occurring within the county when the sale involves a transfer of money or other valuable consideration, and any part of the sale transaction is conducted on property to which the public has the right of access. Some examples of properties to which the public has the right of access include but are not limited to: gun shows, firearm exhibits, wholesale and retail stores, and flea markets. An uninterrupted, continuous, and cumulative aggregate of 72 hours must elapse between such sale and receipt of the firearm, excluding the hours of weekends and legal holidays. A person who violates the prohibition of this section is guilty of a violation of a county ordinance, punishable

as provided in F.S. § 125.69, as it may be amended, and the violation shall be prosecuted in the same manner as misdemeanors are prosecuted.

(Ord. No. 99-6, § 4.1, 1-26-99)

Sec. 86-89. - Mandatory criminal records check.

There shall be a mandatory national criminal history records check done in connection with the sale of firearms occurring within the county. No person shall transfer or receive a firearm when any part of the sale transaction is conducted on property to which the public has the right of access until all procedures and requirements of F.S. § 790.065, have been complied with by a person statutorily authorized to request that a background information check be conducted by the Florida Department of Law Enforcement, which person has received an approval number from that department and documented same, as provided by F.S. § 790.065. In case of repeal or amendment of F.S. § 790.065, no person shall transfer or receive a firearm by sale when any part of the sale transaction is conducted on property to which the public has a right of access until all procedures, requirements, and prohibitions set forth in other federal or state laws relating to background checks have been complied with by persons selling or buying firearms.

(Ord. No. 99-6, § 4.2, 1-26-99)

Sec. 86-90. - Non-applicability to holders of Florida concealed weapon permits.

This division does not apply to the purchaser of firearms by holders of a Florida concealed weapons or firearms permit or license issued pursuant to general law. However, this exemption shall not relieve such purchasers from compliance with otherwise applicable state or federal law requirements.

(Ord. No. 99-6, § 5, 1-26-99)

Sec. 86-91. - Areas embraced.

This ordinance shall be effective in the incorporated as well as unincorporated areas of the county.

(Ord. No. 99-6, § 6, 1-26-99)

Sec. 86-92. - Penalty.

Violation of a prohibition of this ordinance shall be punishable by a fine not to exceed $500.00 or by imprisonment in the county jail not to exceed 60 days or by both such a fine and imprisonment as provided in F.S. § 125.069, as it may be amended.

(Ord. No. 99-6, § 7, 1-26-99)

Secs. 86-93—86-100. - Reserved.