IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

May 2, 2018

GOLFROCK, LLC, a Florida limited )
liability company, )
 )
           Appellant, )
 )
v. )         Case No. 2D15-2105
 )
LEE COUNTY, FLORIDA, a political )
subdivision of the State of Florida, )
 )
           Appellee. )
_____ )


BY ORDER OF THE COURT:


      Appellant's motion rehearing en banc is denied.  The court's opinion filed July 7,

2017, is withdrawn sua sponte, and the following opinion is substituted for clarification.

No further motions for rehearing will be entertained.




I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.




MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GOLFROCK, LLC, a Florida limited     )
liability company,                   )
                                     )
        Appellant,                   )
                                     )
v.                                   )    Case No. 2D15-2105
                                     )
LEE COUNTY, FLORIDA, a political     )
subdivision of the State of Florida, )
                                     )
        Appellee.                    )
_____ )

Opinion filed May 2, 2018.

Appeal from the Circuit Court for Lee County; Alane Laboda, Judge.

Gregory S. Rix and S. William Moore of Moore Bowman & Rix, P.A., Tampa, for Appellant.

Jay J. Bartlett and Jeffrey L. Hinds of Smolker, Bartlett, Loeb, Hinds & Sheppard, P.A., Tampa, and Richard Wm. Wesch, County Attorney, Fort Myers, for Appellee.

Mark Miller and Christina M. Martin, Palm Beach Gardens, for Amicus Curiae Pacific Legal Foundation.


KELLY, Judge.

Appellant, GolfRock, LLC, submitted an application to Appellee, Lee County, seeking to change the zoning of a parcel of land. Complete details of what transpired in the application process are not pertinent to our disposition of this appeal. It suffices to say that Lee County amended its comprehensive plan and asked GolfRock to withdraw its application. GolfRock did not withdraw the application; however, Lee County has deemed it withdrawn so no rezoning application is presently pending.

After being asked to withdraw its application for rezoning, GolfRock filed an action for declaratory judgment against Lee County. The complaint alleged that "[i]n order to assert its private property rights under Article X, Section 6(a) of the Florida Constitution . . . or under the statutory protection of Section 70.001, Florida Statutes . . ., the 'Bert J. Harris, Jr., Private Property Rights Protection Act,' GolfRock is required to 'ripen' its claim . . . ." GolfRock asked the trial court to "enter a Declaratory Judgment finding that any continuation of the current zoning request is futile as a matter of law and that any claims for remedy for the injury to GolfRock's private property rights under the constitution or laws of Florida are ripe for adjudication."

Initially, Lee County moved to dismiss the complaint on several grounds. Among them, Lee County argued that the complaint failed to state a claim for declaratory relief. The trial court denied the motion and the case proceeded. Eventually, the parties filed cross-motions for summary judgment on the issue of ripeness. GolfRock's motion asked the trial court to find that "under the futility exception to the ripeness doctrine, any claim by GolfRock for a regulatory partial taking is now ripe for adjudication." Lee County argued that regardless of which type of takings claim GolfRock might eventually pursue, its claims were not ripe and the futility exception to

the ripeness doctrine did not apply. The trial court agreed that GolfRock had not established its claim was ripe nor had it established "the applicability of the futility exception[]." It entered summary judgment in favor of Lee County.

In this appeal GolfRock challenges that determination. We need not reach the merits of that issue, however, because we conclude GolfRock's complaint did not state a cause of action for declaratory relief. As a result, the trial court lacked jurisdiction and it should have dismissed the complaint.

To state a claim for declaratory relief, the party seeking the declaration must show that he is in doubt as to the existence or nonexistence of some right, status, immunity, power, or privilege and that he is entitled to have such doubt removed. May v. Holley, 59 So. 2d 636, 638-39 (Fla. 1952); see also § 86.011, Fla. Stat. (2013). GolfRock's complaint does not allege GolfRock is in doubt as to the existence or nonexistence of any immunity, power, privilege, status, or right. The only mention of rights anywhere in the complaint is GolfRock's assertion that it has private property rights, the existence of which is unquestioned.

GolfRock's complaint explains that to pursue a takings claim for any injury to its property rights occasioned by how Lee County handled its zoning application, it must have a final denial of the application. It alleges it would be "prohibitively expensive" to pursue the application further, however, and that its denial is a "fait accompli." It points to the fact that Lee County's comprehensive plan, as amended while GolfRock's application was pending, no longer permits the planned use of its property. Accordingly, it asks the court to declare that its claim is ripe and that "any continuation of the current zoning request is futile as a matter of law."

- 3 -

Ripeness in the context of a regulatory takings claim is a prudential principle adopted by the Supreme Court that requires a plaintiff to "demonstrate that [he] has both received a 'final decision regarding the application of the [challenged] regulations to the property at issue' . . . and sought 'compensation through the procedures the State has provided for doing so.' " Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 733-34 (1997) (quoting Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186, 194 (1985)). "Florida courts have adopted the federal ripeness policy of requiring a 'final determination from the government as to the permissible uses of the property.' " Taylor v. Vill. of N. Palm Beach, 659 So. 2d 1167, 1173 (Fla. 4th DCA 1995) (quoting Glisson v. Alachua Cty., 558 So. 2d 1030, 1034 (Fla. 1st DCA 1990)); see also Lost Tree Vill. Corp. v. City of Vero Beach, 838 So. 2d 561, 569-71, 573-75 (Fla. 4th DCA 2002).

The Supreme Court has explained the necessity of having a final decision:

> A final decision by the responsible state agency informs the constitutional determination whether a regulation has deprived a landowner of "all economically beneficial use" of the property, or defeated the reasonable investment-backed expectations of the landowner to the extent that a taking has occurred. These matters cannot be resolved in definitive terms until a court knows "the extent of permitted development" on the land in question.

Palazzolo v. Rhode Island, 533 U.S. 606, 618 (2001) (citations omitted) (quoting MacDonald, Sommer & Frates v. Yolo Cty., 477 U.S. 340, 351 (1986)). The "final decision requirement 'responds to the high degree of discretion characteristically possessed by land-use boards in softening the strictures of the general regulations they administer.' " Id. at 620 (quoting Suitum, 520 U.S. at 738). The Supreme Court has carved out what has been characterized as a limited exception in cases where further

- 4 -

attempts to obtain approval of an application would be futile.  Id. at 619-22; see also

Lost Tree, 838 So. 2d at 573-75.  As explained in Palazzolo,

> [w]hile a landowner must give a land-use authority an
> opportunity to exercise its discretion, once it becomes clear
> that the agency lacks the discretion to permit any
> development, or the permissible uses of the property are
> known to a reasonable degree of certainty, a takings claim is
> likely to have ripened.

533 U.S. at 620.

GolfRock's complaint does not purport to assert any type of takings claim.

Rather, it asks the trial court to declare that the County's actions amount to a final

decision and that any further pursuit of its application would be futile.  Viewed in the

context of the case law on takings, GolfRock is essentially asking the trial court to

determine — in the abstract — whether it can establish an as applied regulatory takings

claim.  When defending its complaint, it cited no authority to support divorcing the "final

decision" determination, which is at the heart of whether a party has established a

takings claim, from the takings action itself.  See id. at 621 (explaining that "until these

ordinary processes have been followed the extent of the restriction on property is not

known and *a regulatory taking has not been established*")(emphasis supplied)); see

generally MacDonald, 477 U.S. 340 (linking the ability to establish a taking with the

ability to show that the government has made a final determination regarding how the

land may be used); see also Lost Tree, 838 So. 2d at 573-76 (determining whether a

complaint stated a cause of action for an as-applied regulatory takings claim based on

the sufficiency of the allegations to demonstrate a final decision or alternatively to

establish that further applications were futile).

GolfRock has utterly failed to explain how this is an appropriate claim for declaratory relief. The complaint does not allege, even in a perfunctory fashion, that GolfRock is in doubt regarding the existence of a right, power, privilege, or immunity as required to invoke the trial court's jurisdiction to render a declaratory judgment. Nor has GolfRock argued its complaint can somehow be construed to satisfy that requirement. GolfRock does not claim it is in doubt regarding the existence of its property rights, nor does it say it is in doubt regarding the effect of the amended comprehensive plan on the land use it had proposed in its now withdrawn rezoning application. While the declaratory judgment act is intentionally broad, it does have limits—one of which is that courts will not render advisory opinions or give legal advice. See May, 59 So. 2d at 639. Because GolfRock has not met its burden to demonstrate how its complaint is sufficient to meet the jurisdictional requirements of the declaratory judgment act, we reverse the final summary judgment and remand with directions to the trial court to dismiss the action.

Reversed and remanded.


LaROSE, C.J., and BADALAMENTI, JJ., Concur.