PER CURIAM.
This appeal stems from a bid protest initiated by Academy Express, LLC (hereinafter “Academy”) against Broward County for award of a bus shuttle service contract to Limousines of South Florida, Inc. (hereinafter “LSF”). Academy ultimately filed a complaint in circuit court seeking declaratory and injunctive relief. The complaint alleged in count I that the County’s action in awarding the contract was arbitrary and capricious, and in count II that the contract was “fatally flawed.” The complaint was dismissed by the circuit court for failure to state a cause of action. We affirm and write only to address Academy’s allegations in count I.
Academy initially learned of the bus shuttle services contract when Broward County issued a Request for Letters of Interest (“RLI”) seeking qualified vendors. The Broward County Procurement Code describes the RLI process as follows:
[A] method of selecting a vendor whereby all vendors are invited to submit a summary of their qualifications and state their interest in performing a specific job or service. From these Letters of Interest, the County determines which vendors shall be “shortlisted,” interviewed and enter into final negotiation for a contract.
BROWARD County Procurement Code § 21.8b.39. (2007). The RLI contained twenty-one qualification requirements that vendors had to meet. The County formed a selection committee tasked with choosing vendors who had submitted responsive letters of interest to be shortlisted and interviewed.
Four vendors, including Academy, were shortlisted and permitted to make oral presentations. The vendors were then scored and ranked, resulting in a tie between Academy and LSF. Broward County did not make oral or written findings explaining how the rankings were determined, nor was it required to do so by the Procurement Code. The tie was ultimately broken in favor of LSF.
Academy filed a bid protest with Broward County, alleging that LSF misrepresented material information in its letter of interest. The Broward County Procurement Code permits protests based upon procedural deviations and errors only. The Code further provides that allegations of misrepresentation by vendors would “not be considered a protest, but [would] be reviewed and, if appropriate, in the County’s sole discretion, used for purposes of evaluating the responsibility or qualifications of the vendor(s).” Broward County Procurement Code § 21.118. (2007). When Academy’s bid protest was denied by the County, Academy appealed to a hearing officer who also denied the protest, reasoning that it did not allege procedural errors. Academy also submitted its allegations of misrepresentation by LSF to the County Purchasing Director, County Attorney and County Auditor who forwarded the allegations to the selection committee.
The contract was subsequently awarded to LSF and Academy’s complaint followed. *1190 Academy alleged in count I that LSF misrepresented its experience. The RLI asked whether vendors had operated a bus shuttle service of a certain size and for a requisite amount of time. The complaint alleged that LSF answered “Yes” to each of these questions when, in fact, LSF had not met these qualifications. The circuit court dismissed the complaint and Academy appealed.
Generally, the standard of review of a dismissal for failure to state a cause of action is de novo. See Emerald Corr. Mgmt. v. Bay Cnty. Bd. of Cnty. Comm’rs, 955 So.2d 647, 651 (Fla. 1st DCA 2007). However, in cases where the complaint seeks declarative relief, the standard of review is an abuse of discretion. See N & D Holding, Inc. v. Town of Davie, 17 So.3d 819, 820 (Fla. 4th DCA 2009). The complaint’s allegations and all reasonable inferences from them must be accepted as true. See id. Further, a public body has wide discretion in awarding a contract, and when the decision is based on an honest exercise of that discretion, it should not be overturned simply because reasonable persons might disagree. See Emerald, 955 So.2d at 651. In the contract procurement context, whether an action was arbitrary or capricious depends upon whether the awarding committee complied with its own proposal criteria. See id. at 653. A contract award based on known misrepresentations by a vendor could constitute arbitrary and capricious action. See Statewide Process Serv. of Fla., Inc. v. Dep’t of Transp., No. 95-5035BID, 1995 WL 1053244 (Fla.Div.Admin.Hrgs. Dec. 18, 1995) [hereinafter “Statewide ”].
Academy relies on Statewide in arguing that its complaint sufficiently alleged arbitrary and capricious action by Broward County. In Statewide, a hearing officer determined that reliance on a facially non-responsive proposal in awarding a contract constituted arbitrary and capricious action by the awarding agency. Id. at *4-*5. The proposal failed to answer key questions regarding experience and personnel and, on its face, was non-responsive to the agency’s request for proposals. Id. Had Academy’s complaint alleged that LSF’s letter of interest was facially non-responsive, or that Broward County knew that LSF misrepresented information, reliance on Statewide would be appropriate. In that situation, the complaint would have alleged that Broward County chose a vendor that it knew was not qualified and, thus, failed to comply with its own criteria. Such failure to comply could constitute arbitrary and capricious action. See Emerald, 955 So.2d at 653. However, unlike the proposal at issue in Statewide, Academy’s complaint clearly states that LSF’s letter of interest was facially responsive because LSF answered ‘Tes” to each question regarding experience. The only facts in the complaint supporting the selection committee’s knowledge of misrepresentation are in the form of Academy’s allegations which were forwarded to the selection committee. These allegations, alone, do not establish a cause of action for arbitrary and capricious conduct by the County. Thus, dismissal of the complaint is affirmed.

Affirmed.

WARNER, POLEN and STEVENSON, JJ., concur.