Warner, J.
The trial court dismissed a complaint for declaratory judgment regarding State Farm’s calculation of PIP policy medical reimbursements based solely on Medicare fee schedules, where the insurance policy did not provide notice that the insurance company elected to apply the fee schedules pursuant to section 627.736(5)(a)2., Florida Statutes (2009). The court considered that the declaration requested had already been determined in GEICO General Insurance Co. v. Virtual Imaging Services, Inc., 141 So.3d 147, 159 (Fla. 2013), which held that notice was required to exercise the option, pursuant to the statute, to use the Medicare fees schedules in calculating reimbursements. Appellants challenge the dismissal, arguing that Virtual Imaging did not resolve the dispute in this case because the insurance policy did not rely on permissive Medicare fee schedules, but instead used a fact-based determination of a reasonable fee based on section 627.736(5)(a)1., Florida Statutes, yet the insurer exclusively used the Medicare fee schedules to calculate provider fees. We agree that Virtual Imaging did not conclusively resolve the issue presented. We thus reverse for further proceedings.
Three State Farm insureds were all issued separate automobile insurance policies with PIP benefits by State Farm. In 2008, while the policies were all in effect, the insureds were injured in separate accidents.
Following the accidents, appellant Northwest Center for Integrative Medicine and Rehabilitation, Inc., provided care to some of the insureds, and appellant Randy Rosenberg, D.C., P.A., provided care to another insured. This care was covered under the insureds’ policies with State Farm. Appellants received assignments of benefits from the insureds and billed State Farm for the care under the assignments.
Under section 627.736, Florida Statutes (2008), the PIP statute, an insurer may elect to calculate medical reimbursements in one of two ways: (a) it can pay a reasonable amount consistent with subsection (5)(a)l. of the statute; or (b) it can elect to apply the Medicare fee schedules, as set forth in subsection (5)(a)2. of the statute. § 627.736(5)(a)1.-2., Fla. Stat. (2008). However, in order to exercise the subsection (5)(a)2. option, “the insurer must provide notice in the policy of its election to use the fee schedules.” Virtual Imaging, 141 So.3d at 159.
State Farm did not elect subsection 5(a)2. in the insureds’ policies. The insureds’ policies all provided that State Farm would pay “80% of all reasonable expenses incurred for ... medically necessary” services and treatments. The policies further provided:
To determine whether a charge is reasonable we may consider usual and customary charges and payments accepted by the provider, reimbursement levels in the community and various federal and state medical fee schedules applicable to automobile and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service, treatment or supply.
We will not pay: any charge that the No-Fault Act does not require us to pay; or the amount of any charge that exceeds the amount the No-Fault Act allows to be charged.
(Emphasis omitted).
State Farm reimbursed appellants for the insureds’ medical care at Medicare Fee schedule amounts. Eventually, appellants filed suit for a class action declaratory judgment regarding the calculation of reimbursement under the policy. In the fifth amended complaint, appellants alleged:
*681 (a) it was Defendant’s common, widespread practice to instruct its adjusters or representatives to base their determinations of what constitutes “reasonable expenses” under the Policy solely on the permissive fee schedules', (b) Defendant systematically limited reimbursement of PIP claims under the Policy solely in accordance u>ith the permissive fee schedules ... in § 627.736(5)(a)2; and (c) instead of conducting a fact dependent inquiry to determine what constitutes a reasonable expense, Defendant systematically made no inquiry at all into the reasonableness of the provider’s charges but rather calculated and limited reimbursements by using the fee schedules ... in § 627.736(5)(a)2 (2008), Fla. Stat.
(Emphasis added). The complaint sought class representative status for appellants, who did not seek monetary relief or ask the court to determine the reasonableness of any medical provider’s charges. Instead, it sought a declaration that the methodology used by State Farm did not allow it to use the Medicare fee schedule as the sole basis to determine payment for medical reimbursements under PIP, and that State Farm was required to make a fact-dependent inquiry to determine reasonableness in accordance with its policy and section 627.736(5)(a)1., Florida Statutes. It also sought a declaration that class member medical providers have a right to re-adjustment of their claims under the policy.
State Farm moved to dismiss the complaint, arguing that there was no live controversy between the parties because the issue had been resolved in the case law. It conceded that the policies did not elect to apply the Medicare fee schedules pursuant to section 627.736(5)(a)2., Florida Statutes, but rather the fact-dependent methodology of section 627.736(5)(a)1., Florida Statutes. However, State Farm asserted that under Virtual Imaging, it was still entitled to consult a variety of sources, including the Medicare fee schedules, in determining a “reasonable” amount under subsection (5)(a)1. It also argued that the issue was not a proper subject for a class action.
The trial court held a hearing and thereafter entered a final order on State Farm’s motion to dismiss the fifth amended complaint. The court determined that
the allegations of the fifth amended complaint do not state a cause of action for declaratory relief based on the insurance policies ... and binding Florida Supreme Court precedent in Virtual Imaging. Specifically, the court determines the relief requested by Plaintiffs has been determined by the Florida Supreme Court in Virtual Imaging. Accordingly, the court determines the Plaintiffs do not adequately allege the existence of a bona fide dispute which is appropriate for declaratory relief.
The court therefore granted State Farm’s motion to dismiss and dismissed the fifth amended complaint with prejudice. Appellants moved for rehearing, arguing that the court erred in relying on State Farm’s characterization of Virtual Imaging. State Farm opposed the motion. The court denied rehearing, and appellants filed this appeal.
We review an order dismissing a complaint for declaratory judgment for an abuse of discretion, although “the complaint’s allegations and all reasonable inferences from them must be accepted as true.” See Acad. Express, LLC v. Broward Cty., 53 So.3d 1188, 1190 (Fla. 4th DCA 2011).
To be entitled to declaratory relief, a party must show that the claim satisfies the following elements:
[Tjhere is a bona fide, actual, present practical need for the declaration; that *682 the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts’, that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law;- that the antagonistic and adverse interest [sic] are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
Bartsch v. Costello, 170 So.3d 83, 88 (Fla. 4th DCA 2015) (quoting Olive v. Maas, 811 So.2d 644, 657-58 (Fla. 2002)).
Under section 627.736, Florida Statutes (2008), the PIP statute, an insurer may elect to calculate medical reimbursements in one of two ways: (a) it can pay a reasonable amount consistent with subsection (5)(a)1. of the statute; or (b) it can elect to apply the Medicare fee schedules, as set forth-in subsection (5)(a)2, of the statute. § 627.736(5)(a)1.-2., Fla. Stat. These two subsections will be referred to as (5)(a)1. and (5)(a)2., respectively.
Specifically, the statute provides:
1. Any physician, hospital, clinic, or other .person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge the insurer and injured party only a reasonable amount pursuant to this section for the services and supplies rendered .... With respect to a determination of whether a charge for a particular service, treatment, or otherwise is reasonable, consideration may be given to evidence of usual and customary charges and payments accepted by the provider involved in the dispute, and reimbursement levels in the community and various federal and state medical fee schedules applicable to automobile and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the' service, treatment, or supply.
2. The insurer may limit reimbursement to 80 percent of the following schedule of maximum charges:
[[Image here]]
f. For all other medical services, supplies, and care, 200 percent of the allowable . amount under the participating physicians schedule of Medicare Part B.
§ 627.736(5)(a), Fla. Stat. (emphasis added).
In order to exercise the (5)(a)2. methodology, “the insurer must provide notice in the policy of its election to use the fee schedules.” Virtual Imaging, 141 So.3d at 159. In Virtual Imaging, the court stated,
The issue presented to the Court is whether the Medicare fee schedules set forth in section 627.736(5)(a), Florida Statutes (2008), authorized an insurer to limit reimbursements for medical services rendered to an insured without giving notice in the insurance policy of the insurer’s election to use the Medicare fee schedules as the basis for calculating reimbursements.”
Id. at 149. The court held:
We conclude that notice to the insured, through an election in the policy, is necessary because the PIP statute, section 627.736, requires the insurer to pay for “reasonable expenses ... for medically necessary ... services,” § 627.736(1)(a), Fla. Stat., but merely permits the insurer to use the Medicare fee schedules as a basis for limiting reimbursements, see § 627.736(5)(a)2., Fla. Stat. In other *683 words, the PIP statute provides that the Medicare fee schedules are one possible method of calculating reimbursements to satisfy the PIP statute’s reasonable medical expenses coverage mandate, but does not provide that they are the only method of doing so.
Accordingly, we conclude that the insurer was required to give notice to its insured by electing the permissive Medicare fee schedules in its policy before taking advantage of the Medicare fee schedule methodology to limit reimbursements.
Id. at 150.
State Farm concedes that its policy does not provide notice of an intention to use the (5)(a)2. methodology. Therefore, the issue in this case, unlike the issue in Virtual Imaging, is the proper methodology for calculating reimbursement under (5)(a)1. and whether, under that provision and the policy language, use of Medicare fee reimbursement rates to calculate provider reimbursements is authorized. In particular, can it be the sole consideration for reimbursement under (5)(a)1.? Consequently, the trial court erred in concluding that Virtual Imaging fully answered the issues in the present controversy.
Appellants would like for us to answer the foregoing question. This, however, is the purpose of the declaratory judgment, which must be rendered by the trial court after determining the state of facts giving rise to the application of the statute and policy provisions. We thus reverse and remand for reinstatement of the complaint. We also decline to address State Farm’s alternate argument for dismissal, namely that the complaint failed to state a proper class claim, because the trial court did not rule on this issue.

Reversed and remanded for reinstatement of the complaint and for further proceedings thereon.

Gross and May, JJ., concur.