Per Curiam.
Appellant’s declaratory judgment complaint challenging State Farm’s methodology for calculating PIP policy medical reimbursements was dismissed for failure to state a claim. Because we recently held in Northwest Center for Integrative Medicine and Rehabilitation, Inc. v. State Farm Mutual Automobile Insurance Company, 214 So.3d 679, 42 Fla. L. Weekly D446, 2017 WL 697775 (Fla. 4th DCA Feb. 22, 2017) that this reimbursement issue has not been conclusively resolved, we reverse for further proceedings.
Appellant had an automobile policy with PIP benefits from State Farm. She was in an accident and treated by medical providers. State Farm paid a portion of the providers’ charges and the providers billed appellant for the remainder.
As we understand it, appellant sought a declaratory judgment that State Farm relied exclusively on the Medicare fee schedules when determining the reasonable amount to reimburse her medical providers, even though State Farm failed to elect this method of reimbursement in her policy. Appellant requested that State Farm be ordered to reimburse the class members for the amounts they were billed by their providers.
Pursuant to section 627.736, Florida Statutes (2011), an insurer may elect one of two methods to calculate PIP medical reimbursements: “(a) it can pay a reasonable amount consistent with subsection (5)(a)(1) of the statute; or (b) it can elect to apply the Medicare fee schedules, as set forth in subsection (5)(a)(2) of the statute.” Nw. Ctr., 214 So.3d at 682, 42 Fla. L. *231 Weekly, at *1. However, to exercise the second option, “the insurer must provide notice in the policy of its election to use the fee schedules.” Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc., 141 So.3d 147, 159 (Fla. 2013).
If an insurer elects the Medicare fee schedule method, the PIP statute prohibits the medical services provider from billing or attempting to collect from the insured any amount exceeding the payment made from the insurer, also known as “balance billing.” § 627.736(5)(a)5.
It is undisputed that State Farm did not elect the Medicare fee schedule method in appellant’s insurance policy. Appellant alleged in her complaint that despite electing to reimburse her medical providers a reasonable amount, State Farm was relying exclusively on the Medicare fee schedules as the basis for reimbursement. Because State Farm failed to provide notice of its election to use the Medicare fee schedules, appellant asserted she was improperly subjected to balance billing by her providers.
State Farm moved to dismiss the complaint, making the circular argument that because the policy did not elect the Medicare fee schedule method, appellant’s allegation that State Farm had elected that method without notice failed to state a claim. Additionally, State farm argued the action was inappropriate for class relief.
The trial court granted State Farm’s motion, finding that after “[a] review of the language of State Farm’s policy,” it was “clear that State Farm did not make a policy election to limit reimbursements pursuant to the schedule of maximum charges set forth in Fla. Stat. § 627.736(5)(a)2. (2008-2012) in the policy.” Therefore, appellant’s theory, which was “based on such an election—fail[ed] to state a cognizable claim for relief.” Moreover, because State Farm did not elect to utilize the Medicare fee schedules, the statutory protection against balance billing did not apply.
“We review an order dismissing a complaint for declaratory judgment for an abuse of discretion, although ‘the complaint’s allegations and all reasonable inferences from them must be accepted as true.’” Northwest Center, 214 So.3d at 681, 42 Fla. L. Weekly, at *3 (quoting Acad. Express, LLC v. Broward Cty., 53 So.3d 1188, 1190 (Fla. 4th DCA 2011)). “The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.” N & D Holding, Inc. v. Town of Davie, 17 So.3d 819, 820-21 (Fla. 4th DCA 2009) (internal citation omitted). Moreover, “[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief.” § 86.111, Fla. Stat. (2015).
As noted above, under section 627.736, there are two available methods for an insurer to calculate policy medical reimbursements. Subsection (5)(a)(1) allows the insurer to reimburse a “reasonable amount pursuant to this section for the services and supplies rendered.” “[Reasonableness is a fact-dependent inquiry determined by consideration of various factors.” Geico Gen. Ins. Co., 141 So.3d at 155-56 (emphasis added). Typically, State Farm’s policies broadly define the scope of a “reasonableness” inquiry. See Nw. Ctr., 214 So.3d at 680-81, 42 Fla. L. Weekly at *1-*2.
Alternatively, subsection (5)(a)(2) permits insurers to limit reimbursement to 80% of the maximum charges allowed by the Medicare Part B fee schedules. Geico Gen. Ins. Co., 141 So.3d at 154. If an insurer elects this method in its policy, the *232 medical provider is limited to the reimbursement paid by the insurer and cannot bill the patient. § 627.736(5)(a)5.
Herd, appellant was seeking a declaration that State Farm relied exclusively on the Medicare fee schedules when determining the reasonable amount to reimburse her providers. A similar issue was raised by medical providers who received reimbursement from State Farm. See Nw. Ctr., 214 So.3d 679, 42 Fla. L. Weekly D446.
In Northwest, the medical providers brought a claim for declaratory judgment that “State Farm’s calculation of PIP policy medical reimbursements [was] based solely on Medicare fee schedules, where the insurance policy did not provide notice that the insurance company elected to apply the fee schedules pursuant to section 627.736(5)(a)(2), Florida Statutes (2009).” Id. at 680, at *1. The trial court dismissed the complaint for failure to state a cause of action. Id. at 681, at *3. We held that the proper methodology for calculating reimbursements under subsection (5)(a)(1)-and whether the Medicare fee schedules could be solely relied on had not been addressed by prior cases and reversed for reinstatement of the claim. Id.
In the present case, the trial court’s dismissal for failure to state a claim relied heavily on the rationale discussed, by the trial. court in Northwest, Because the question presented here regarding State Farm’s actual practice is essentially the same as in Northwest, we again reverse for reinstatement of the claim. Appellant should be given leave to amend her claim after remand for declaratory relief to seek relief similar to that approved of in Northwest Center.
We note that the relief appellant requested was inappropriate because -she agreed to balance billing in her policy. Under her best case scenario, the problem is not that she was billed by the provider, but that she was billed a higher amount because State,Farm did not reimburse a reasonable amount. If appellant prevails on her declaratory relief action and establishes that State Farm relied only on the Medicare fee schedules, a determination of the proper relief would be a . multi-step process. First, it would be necessary to determine a “reasonable amount” for the medical services or supplies provided. It may be that the amount specified in the Medicare fee schedule is reasonable under the statute. If the reasonable amount owed is greater than the fee schedule amount, appellant would be entitled to recover the difference to partially compensate her for what she, was balance-billed by the provider.
On remand, if appellant prevails on the claim for declaratory relief, it will be necessary to address the class action issue as it applies to the question of appropriate relief. The court shall consider the applicability of, any notice requirement under the PIP statute. The court should also consider whether a class action is untenable because individual issues would predominate and whether a class'action is precluded because of manageability issues.

Reversed and remanded for reinstatement of the complaint and for farther proceedings thereon.'

Oiklin, C.J., Gross and Conner, JJ., concur.