DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LINDA COMISAR** and **BERNARD COMISAR,**
Appellants,

v.

**HERITAGE PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D21-2468

[August 10, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No. 502020CA010656XXXXMB.

Samuel Alexander of Alexander Appellate Law, P.A., DeLand, and Erik D. Diener of The Diener Firm, P.A., Plantation, for appellants.

Kara Rockenbach Link and Daniel M. Schwarz of Link & Rockenbach, PA, West Palm Beach, for appellee.

KLINGENSMITH, C.J.

Linda and Bernard Comisar ("insureds") filed a declaratory judgment action against their insurer, Heritage Property and Casualty Insurance Company ("insurer"), after their home was allegedly damaged by a roof leak. The trial court dismissed their complaint with prejudice for failure to properly plead a cause of action for declaratory relief, and insureds appealed. For the reasons below, we reverse.

Insureds had an all-risk policy with insurer that contained numerous exceptions from coverage, including an exclusion for any losses caused by "wear and tear, marring, [and] deterioration." After insureds filed their claim, insurer sent a field adjuster to inspect the home. Because the adjuster did not observe any wind or storm damage to the insureds' roof, insurer denied coverage, and insureds filed their lawsuit.

Insureds made several attempts to amend their complaint during the litigation. Their last operative pleading, a third amended complaint, asked for a determination whether certain conditions, including weather

conditions and foot traffic, contributed to the damage caused by the roof leak.  Upon the insurer's motion, the trial court dismissed the complaint with prejudice for failure to state a claim for declaratory relief.  This appeal followed.

We generally review an order dismissing a declaratory action for an abuse of the trial court's discretion.  *Goldman v. Lustig*, 237 So. 3d 381, 384 (Fla. 4th DCA 2018) (citing *Academy Express, LLC v. Broward County*, 53 So. 3d 1188, 1190 (Fla. 4th DCA 2011)).  "However, to the extent a court's dismissal is based on a legal determination, this court may conduct de novo review."  *S.L.V. v. Toth*, 268 So. 3d 801, 803 (Fla. 4th DCA 2019).  We also review de novo "a dismissal for failure to state a cause of action."  *Academy Express, LLC*, 53 So. 3d at 1190.

Parties may seek declaratory relief from courts as a matter of law.  § 86.101, Fla. Stat. (2021).  A party that is "in doubt about its rights under a contract or other instrument may seek a judicial declaration" to determine those rights.  *People's Tr. Ins. Co. v. Valentin*, 305 So. 3d 324, 327 (Fla. 4th DCA 2020).  "[Q]uestions of fact and disagreements concerning coverage under insurance policies are proper subjects for a declaratory judgment if necessary to a construction of legal rights."  *Travelers Ins. Co. v. Emery*, 579 So. 2d 798, 801 (Fla. 1st DCA 1991).

To survive a motion to dismiss, a party seeking declaratory relief must show:

> [T]here is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest[s] are all before the court by proper process or class representation and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

*Coal. for Adequacy and Fairness in Sch. Funding v. Chiles*, 680 So. 2d 400, 404 (Fla. 1996) (quoting *Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So. 2d 1190, 1192–93 (Fla. 1995)).  "The test of the sufficiency of a complaint in a declaratory judgment proceeding is not

whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all." *Golf Club of Plantation, Inc. v. City of Plantation*, 717 So. 2d 166, 171 (Fla. 4th DCA 1998) (quoting *Rosenhouse v. 1950 Spring Term Grand Jury, in and for Dade Cnty.*, 56 So. 2d 445, 448 (Fla. 1952)).

The trial court erred in dismissing insureds' third amended complaint with prejudice because the four corners of their complaint sufficiently alleged a proper claim for declaratory relief. *See Cintron v. Edison Ins. Co.*, 339 So. 3d 459, 462 (Fla. 2d DCA 2022) (finding a trial court errs when dismissing a complaint where the insureds satisfy all the pleading requirements of whether there is a bona fide need for a declaration). First, insureds clearly alleged a bona fide controversy as the parties disagreed about whether insureds' all-risk policy covered the damage to their roof. Second, insureds requested a determination of whether their roof damage was covered under the policy or whether certain exceptions were applicable to their claim to support a denial of coverage. *See generally Sec. First Ins. Co. v. Phillips*, 312 So. 3d 502, 504 (Fla. 5th DCA 2020) (stating a party in doubt as to his entitlement to some right or status is entitled to declaratory relief).

As a result, insureds properly set forth an actionable claim for declaratory relief in their third amended complaint. *See Powers v. Hartford Ins. Co. of the Midwest*, No. 8:10-CV-1279-T-24 AEP, 2010 WL 2889759 at *2 (M.D. Fla. Jul. 22, 2010) (finding that, based on *Higgins v. State Farm Fire and Cas. Co.*, 894 So. 2d 5, 15 (Fla. 2004), "issues involving the rights and obligations under an insurance policy come within the purpose of the declaratory judgment statutes"); *see also 2032 Land Tr. E. Coast. Prop. Liquidation Corp. v. Lexington Ins. Co.*, No. 16-COV-DIMITROULEAS, 2016 WL 8793510 at *1 (S.D. Fla. Jun. 7, 2016) (explaining Florida courts allow declaratory judgment actions in insurance coverage disputes).

In dismissing the complaint, the trial court expressed concern that the insureds' declaratory judgment claim was merely a breach of contract claim in disguise. However, this conclusion, even if accurate, does not control the issue of whether the complaint states a cause of action for declaratory relief. Although insureds initially filed a complaint with a breach of contract claim, all their subsequent amended pleadings contained only a claim for declaratory relief. While declaratory actions "may result in substantial overlap with otherwise-available actions at law," the mere existence of another potential claim does not automatically foreclose the availability of a declaratory relief claim. *See Cintron*, 339 So. 3d at 462; *see also Michael A. Marks, P.A. v. Geico Gen. Ins. Co.*, 332 So.

3

3d 11, 11–12 (Fla. 4th DCA 2022) (finding the trial court erred in dismissing a declaratory relief claim because the appellant could have brought a breach of contract claim instead). While insureds could have elected to continue to pursue their breach of contract claim, the choice to drop that claim did not foreclose their ability to seek declaratory relief instead. *Cf. Crawley-Kitzman v. Hernandez*, 324 So. 3d 968, 974–75 (Fla. 3d DCA 2021) (parties may not seek a final judgment of liability through a declaratory relief claim).

Therefore, we reverse the trial court's dismissal of insureds' third amended complaint and remand for further proceedings.

*Reversed and remanded.*

CIKLIN and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***